# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP434-D |
| COMPLETE TITLE: | Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　v.<br>Tim Osicka,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST OSICKA

| | |
|---|---|
| OPINION FILED: | June 6, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, C.J., concurs. (Opinion filed.) |
| DISSENTED: | PROSSER, J., dissents. (Opinion filed.) |
| NOT PARTICIPATING: | BRADLEY, J., did not participate. |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP434-D

STATE OF WISCONSIN                    :            IN SUPREME COURT

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Tim Osicka,**

      **Respondent.**

**FILED**

**JUN 6, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney's   license suspended.*

¶1   PER CURIAM.   We review the report of the referee, Reserve Judge Robert E. Kinney, recommending that the court suspend the license of Attorney Tim Osicka for 60 days concurrently with any suspension imposed in Case No. 2012AP60-D, and that the court order Attorney Osicka to pay the full costs of this disciplinary proceeding, which were $1,120.04 as of September 12, 2013.

¶2   Because no appeal has been filed from the referee's report and recommendation, we review the matter pursuant to

SCR 22.17(2).[1]  After considering the referee's report and the record in this matter, we agree that Attorney Osicka committed the acts of professional misconduct alleged in the three counts of the complaint filed by the Office of Lawyer Regulation (OLR). We further agree with the referee that, since the misconduct here could have been included in the complaint in the previously filed disciplinary proceeding against Attorney Osicka, Case No. 2012AP60-D, the proper level of discipline to be imposed is a 60-day suspension that is concurrent with the suspension imposed in that case.  Finally, since Attorney Osicka initially disputed some portions of the OLR's complaint and the stipulation he entered was only partial in nature, we require Attorney Osicka to pay the full costs of this proceeding.

¶3  Attorney Osicka was admitted to the practice of law in this state in September 1986.  He most recently maintained a private law practice in Schofield.  His license has been temporarily suspended since February 2012 due to his failure to cooperate in an OLR investigation.

¶4  Attorney Osicka has been the subject of professional discipline on multiple prior occasions.  In 2002 he consented to

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.  The court, on its own motion, may order the parties to file briefs in the matter.

the imposition of a public reprimand for misconduct arising out of four separate matters. Public Reprimand of Tim Osicka, No. 2002-02. His misconduct in that proceeding involved failing to act with diligence, failing to communicate adequately with his clients, failing to provide competent representation, making statements regarding the integrity of a judge with reckless disregard for the truth, and violating his attorney's oath.

¶5 In 2009 this court publicly reprimanded Attorney Osicka after concluding that he had failed to respond adequately to his client's reasonable requests for billing information and an accounting of the advanced fee she had paid, and that in another matter he had willfully failed to disclose relevant factual information to the OLR in response to its requests. In re Disciplinary Proceedings Against Osicka, 2009 WI 38, 317 Wis. 2d 135, 765 N.W.2d 775.

¶6 In 2010 Attorney Osicka again consented to the imposition of a public reprimand. Public Reprimand of Tim Osicka, No. 2010-OLR-7. The misconduct underlying this reprimand included failing to deposit an advanced fee into a client trust account, failing to communicate adequately with his client, failing to refund the unearned portion of an advanced fee, and engaging in the practice of law while his law license was administratively suspended for nonpayment of dues and assessments.

¶7 As noted above, Attorney Osicka is also the subject of another pending disciplinary proceeding, Case No. 2012AP60. In that proceeding, which is being resolved by a separate opinion

and order issued today, we conclude, based on Attorney Osicka's default, that he engaged in four counts of misconduct, including that he failed to place a client's advanced fee into a client trust account or to provide the notices required by the alternative advanced fee procedure, that he charged an unreasonable fee because he did not complete the representation, that he failed to refund unearned fees, and that he failed to provide full and timely responses to the OLR's requests for information. In re Disciplinary Proceedings Against Osicka, 2014 WI 33, ___ Wis. 2d ___, ___ N.W.2d ___. In that case, we determine that a 60-day suspension of Attorney Osicka's license to practice law in this state is an appropriate level of discipline for the misconduct at issue there. The misconduct alleged in that proceeding generally occurred in the fall of 2008.

¶8 The OLR filed the complaint in this proceeding in February 2013. The complaint alleged three counts of misconduct. Attorney Osicka initially filed an answer in March 2013, in which he admitted some of the factual allegations of the complaint and denied other allegations. He also alleged in his answer that the OLR had engaged in disparate treatment of him with an intent to injure his reputation and take away his law license. Attorney Osicka's answer asked the court to find no violation, technical or otherwise, of the Rules of Professional Conduct for Attorneys and to assess no costs against him related to this proceeding.

4

¶9 Attorney Osicka subsequently entered into a stipulation and no contest plea. In the stipulation, he withdrew his answer and pled no contest to each of the factual allegations in the OLR's complaint. He further agreed that the referee could make a determination of misconduct on the three counts alleged in the complaint on the basis of those facts. Attorney Osicka also verified in the stipulation that his no contest plea was not the result of plea bargaining, that he fully understood the misconduct allegations against him and his right to contest those allegations, that he understood the ramifications of his entry into the stipulation, that he also understood his right to consult with counsel but was choosing to proceed pro se, and that his entry into the stipulation was made knowingly and voluntarily.

¶10 The stipulation did not contain an agreement regarding the appropriate level of discipline to be imposed. It provided that the parties would submit written arguments on that issue to the referee.

¶11 The referee accepted the stipulation and found, based on the stipulation, that the facts in the OLR's complaint were true and that they supported a conclusion of misconduct on all three counts.

¶12 The facts underlying the three counts of misconduct are as follows. In May 2011 Attorney Osicka was retained by R.B. to represent him in a divorce proceeding in the Lincoln County circuit court. On June 6, 2011, Attorney Osicka's license to practice law in Wisconsin was administratively

5

suspended due to his failure to comply with the obligation to report the required number of continuing legal education (CLE) credits. On June 16, 2011, despite his license having been suspended, Attorney Osicka filed a letter brief in the divorce case in response to arguments that had taken place at the end of May.[2] After subsequently discovering that Attorney Osicka's license had been suspended, the circuit court wrote a letter to Attorney Osicka and informed him that it could not consider the contents of his letter brief because of his suspension.

¶13 In addition, Attorney Osicka failed to notify any of his clients or the courts in which he had matters pending that his license had been administratively suspended. He also failed to advise opposing counsel in R.B.'s divorce action. He further did not file the affidavit that SCR 22.26 requires a suspended attorney to file with the OLR.

¶14 When the OLR was advised of Attorney Osicka's action after the suspension of his license, it sent a letter to him on July 21, 2011, requesting that he respond to the allegations of misconduct it had received. Attorney Osicka failed to respond to this letter. The OLR then sent a second letter on September 30, 2011, and a third letter on November 28, 2011,

---

[2] In his answer and in the stipulation, Attorney Osicka asserts that he filed the letter brief because he felt that SCR 22.26(1)(d) allowed him to wrap up his work on the case before transferring it to another lawyer and, in any event, his duty to file the brief on behalf of his client, as the circuit court had previously directed, superseded any violation of SCR 22.26, which he considered to be a technical violation at most.

again asking for a response. Attorney Osicka still failed to provide a response.

¶15 In December 2011 the OLR moved this court for a temporary suspension of Attorney Osicka's license due to his failure to cooperate with their investigation. The court issued an order to Attorney Osicka directing him to show cause why his law license should not be suspended due to his willful failure to cooperate. When Attorney Osicka did not respond to the court's order, the court temporarily suspended Attorney Osicka's license on February 23, 2012.[3] Attorney Osicka's license has remained suspended to the date of this opinion and order.

¶16 On the basis of these facts, the referee concluded that Attorney Osicka had committed three counts of professional misconduct. First, by submitting a letter brief to a court on behalf of a client and thereby engaging in the practice of law while his license was suspended, Attorney Osicka violated SCR 31.10,[4] which is enforced via SCR 20:8.4(f).[5] Second, by

---

[3] Attorney Osicka did finally respond in September 2012 to a report that the OLR had sent him, although he apparently did not respond to the OLR's requests for information about its grievance investigation, as the OLR has never asked for the temporary suspension to be lifted. In his September 2012 response, Attorney Osicka advised the OLR that he had closed his law practice in June 2011.

[4] SCR 31.10 states as follows:

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the

failing to notify clients, opposing counsel, and relevant courts of his suspension; by failing to submit the required affidavit to the OLR; and by engaging in the practice of law following his suspension, Attorney Osicka violated SCR 22.26(1) and (2),[6] which

---

lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

(2) If the board believes that a false report has been filed, the board may refer the matter to the office of lawyer regulation.

[5] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[6] SCR 22.26(1) and (2) state:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of the suspension or revocation, make all arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other

9

is also enforced via SCR 20:8.4(f). Finally, by failing to respond to the OLR's notice of grievance or to otherwise provide information requested by the OLR, Attorney Osicka violated SCR 22.03(2) and (6),[7] which are enforced via SCR 20:8.4(h).[8]

---

paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[7] SCR 22.03(2) and (6) state as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

¶17 The referee agreed with the OLR that a 60-day suspension would be an appropriate level of discipline to be imposed. He agreed that this level of discipline was supported by the 60-day suspension this court imposed against Attorney Richard Engelbrecht, who had (1) engaged in the practice of law by conducting a trial and submitting a letter brief in a small claims eviction action while his license to practice law was administratively suspended, (2) failed to provide notice of his suspension to the small claims court or opposing counsel, and (3) provided false and misleading information about his conduct to the Board of Bar Examiners (BBE) and the Board of Attorneys Professional Responsibility (BAPR). In re Disciplinary Proceedings Against Engelbrecht, 2000 WI 120, 239 Wis. 2d 236, 618 N.W.2d 743.

¶18 The referee disagreed with the OLR, however, regarding its request that the suspension issued in this case be made consecutive to the suspension imposed in Case No. 2012AP60-D. The referee questioned why the OLR had filed two separate disciplinary complaints. He pointed out that Attorney Osicka's filing of the letter brief during his suspension occurred in June 2011, and that his misconduct was noticed by the circuit court and brought to the attention of the OLR within weeks. Moreover, Attorney Osicka's failure to respond to the OLR's letters took place in the fall of 2011. Thus, all of the misconduct alleged in this action occurred prior to the filing of the complaint in Case No. 2012AP60-D. The referee commented that there really should not have been a concurrent versus

11

consecutive issue here. All of the misconduct could have been addressed in a single proceeding, which would have resulted in a single sanction. Further, the referee, who also presided over the proceedings in Case No. 2012AP60-D, stated that if all of the counts of misconduct had been included in a single complaint, it was doubtful that the OLR would have sought more than a 60-day suspension. According to the referee, the only reason for the request for a consecutive suspension was that the OLR allowed 13 months to pass after the filing of the first complaint, and then filed a second complaint. The referee concluded that a consecutive suspension would not be a fair or proper result in these circumstances: "Because the respondent should not be punished for the agency's inattention, and because 60 days is a sufficient sanction, in any event, I will decline to recommend a consecutive suspension."

¶19 Finally, on the issue of costs, the referee agreed with the OLR that this case did not present any extraordinary circumstances, that the costs requested by the OLR had been necessarily incurred, and that those costs were reasonable in amount. He therefore recommended that Attorney Osicka be required to pay the full costs of this proceeding.

¶20 When reviewing a referee's report and recommendation, we affirm the referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of

12

discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶21 In light of Attorney Osicka's stipulation and no contest plea, we accept the referee's findings of fact based upon the allegations of the complaint. We agree with the referee that those facts demonstrate that Attorney Osicka committed each of the three counts of misconduct alleged in the OLR's complaint.

¶22 We comment briefly on Attorney Osicka's contention that his duty to protect his client's interests trumped his obligation under SCR 22.26 not to practice law during the period when his license was administratively suspended. Attorney Osicka's argument is based upon a false choice—either he had to submit the brief in violation of SCR 22.26 or his client would have suffered injury from an inability to present argument to the circuit court. There is no evidence in the record that Attorney Osicka notified the circuit court of his suspension or asked for an extension of time from the circuit court so that he could either resolve his administrative suspension and then file the letter brief or assist his client to find another attorney who could take over the client's case. As the referee commented, Attorney Osicka "was not the only attorney in Marathon County capable of providing representation." It seems highly unlikely that a circuit court would cause the client to forfeit his/her rights in this

situation where it is the lawyer whose conduct has created the need for a delay and/or a substitution of counsel.

¶23 Moreover, there was no need for this "crisis" to have occurred. The deadline for Attorney Osicka to have complied with his CLE reporting requirements was February 1, 2011. SCR 31.03(1). Anyone who fails to meet this requirement is given a 60-day notice by the BBE that the failure to file evidence of CLE compliance and to pay the applicable late fee will result in the administrative suspension of the attorney's license. SCR 31.10(1). The administrative suspension of Attorney Osicka's license was therefore no surprise to him. He cannot fail to take action to avoid the administrative suspension of his license and then argue that he should be allowed to continue working on pending cases during his suspension in order to avoid harm to the client.

¶24 Turning to the level of discipline and the relation of this proceeding to Case No. 2012AP60-D, we agree with the referee that the proper level of discipline is a 60-day suspension and that it should be served concurrently with the suspension imposed in Case No. 2012AP60-D. Like the referee, we see no reason why the allegations in this complaint could not have been included in the complaint in Case No. 2012AP60-D, either originally or by amending the complaint in that proceeding. We further agree that a reasonable sanction for all of the misconduct alleged in the two complaints would be a 60-day suspension and that it would be unfair to impose two

separate and consecutive suspensions on Attorney Osicka merely because of the OLR's choice to file two separate complaints.

¶25  We also determine that it is appropriate to impose the full costs of this proceeding on Attorney Osicka.  Presumably, even if the OLR had included these misconduct allegations in the original complaint in Case No. 2012AP60-D or if it had moved to amend the complaint in that case to add these allegations, there would have been an increase in the costs beyond what has been requested in that proceeding.  Given that we cannot know if there would have been some decrease in the total amount of costs and that the disciplinary proceedings, whether one or two, were caused by Attorney Osicka's conduct, we conclude that it would be appropriate for him to pay the full costs of this proceeding, which were relatively modest in amount.

¶26  IT IS ORDERED that the license of Tim Osicka to practice law in Wisconsin is suspended for a period of 60 days, effective June 6, 2014, which is also the effective date of the suspension being imposed in Case No. 2012AP60-D.

¶27  IT IS FURTHER ORDERED that the temporary license suspension of February 23, 2012, which arose out of Tim Osicka's willful failure to respond to or cooperate with the OLR's grievance investigation in this matter, is lifted.

¶28  IT IS FURTHER ORDERED that within 60 days of the date of this order, Tim Osicka shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶29  IT IS FURTHER ORDERED that Tim Osicka shall comply with the provisions of SCR 22.26 concerning the duties of a

15

person whose license to practice law in Wisconsin has been suspended.

¶30 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶31 ANN WALSH BRADLEY, J., did not participate.

¶32 SHIRLEY S. ABRAHAMSON, C.J. *(concurring).* I join the per curiam opinion. My concurrence in OLR v. Osicka, 2014 WI 33, ___ Wis. 2d ___, ___ N.W.2d ___, is also applicable here:

¶33 Although Attorney Osicka's repeated violations of the Rules of Professional Conduct for Attorneys in the present case are not the most horrific the court has encountered, Attorney Osicka did harm his clients. (And this is not the first time. Attorney Osicka is a repeat offender.) His clients have registered complaints and they want to be assured that this court's lawyer discipline system cares about them as victims of an attorney's misconduct and that the court will provide the victims with relief.

¶34 Victims do not expect the court to ignore them and to treat them as not important enough to redress their grievances. Victims of attorney misconduct deserve OLR's and the court's attention.

¶35 I turn to a procedural issue relating to current OLR practice.

¶36 The OLR filed two complaints against Attorney Osicka within about a year of each other. The same referee presided over both proceedings against Attorney Osicka. The referee's report and recommendation in this, the second action, is dated August 23, 2013 and is an open public file.

¶37 I note here that the referee commented critically as follows about the OLR's filing two complaints within about a year of each other complaining about conduct in which Attorney

1

Osicka engaged during approximately the same time period. The referee stated:

> It is unclear why the matters involving [Attorney Osicka] resulted in the filing of two separate cases. . . . [E]verything else charged in the present Complaint . . . pre-dated the filing, on January 11, 2012, of the earlier complaint in 2012AP60-D, and the OLR had knowledge of all the violations at least several months before January 11, 2012 when the earlier Complaint was filed. . . . The point is, there should have been only one Complaint.

¶38 As I have written in OLR v. Johns, 2014 WI 32, ___ Wis. 2d ___, ___ N.W.2d ___, of even date, the OLR disciplinary system is about 15 years old. Several anomalies and proposed amendments have been brought to the court's attention. It is time to institute a review of the system rather than to make piecemeal adjustments at this time.

¶39 The present case presents issues that should be considered in such a review.

¶40 For the reasons stated, I write separately.

¶41 DAVID T. PROSSER, J. *(dissenting).* This is the fifth time Attorney Tim Osicka has been prosecuted by the Office of Lawyer Regulation (OLR). This fact permits the majority to proclaim that Attorney Osicka "has been the subject of professional discipline on multiple prior occasions," Majority op., ¶4, implying that Attorney Osicka is a truly bad actor.

¶42 There is more to the story.

¶43 The present complaint was filed on February 13, 2013, almost a year and a half after OLR learned in September 2011 that Attorney Osicka had closed his law office. Attorney Osicka formally terminated his practice in June 2011 after his suspension for a continuing legal education (CLE) violation. OLR nonetheless succeeded in getting Attorney Osicka "temporarily" suspended on different grounds eight months after his practice had closed. A year later it filed this complaint.

¶44 This fifth prosecution is based on events that occurred in the summer and fall of 2011. OLR knew about and monitored these events. But when OLR filed its fourth complaint against Attorney Osicka on January 11, 2012, it did not include the events from 2011 in its fourth complaint. OLR has not explained its reasons. However, filing a fifth complaint instead of incorporating the 2011 events into the fourth complaint, enabled OLR to ask for another 60-day suspension, which it justified as "progressive discipline." It also required the appointment of another referee and leads now to the assessment against Attorney Osicka of more than $1,000 in additional costs.

1

¶45 Attorney Osicka gave up resistance to this complaint in July 2013 by signing a stipulation. The referee filed his report in late August 2013. OLR filed a statement of costs on September 12, 2013, but it never moved to lift Attorney Osicka's "temporary" suspension. In sum, OLR sought a 60-day suspension, even though Attorney Osicka had been suspended for a CLE violation since June 6, 2011, and had closed his practice. He has been "temporarily" suspended for one of the grounds in this complaint since February 23, 2012. He has now been suspended on this count for more than two years.

¶46 This writer is not the only person to comment on the fifth complaint. Former Oneida County Circuit Judge Robert E. Kinney, the referee, observed that,

> It is unclear why the matters involving the respondent resulted in the filing of two separate cases. . . . [T]he OLR had knowledge of all the violations at least several months before January 11, 2012 when the earlier complaint was filed. . . . The counts in the present Complaint could have been filed with the other counts in 2012AP60-D, and, from the point of view of judicial (or referee) expedition and cost-saving, should have been so filed. If the OLR wished to delay for a few weeks the filing of the earlier Complaint to tie up loose ends on the more recent charges, fine. The point is, there should have been only one Complaint. Furthermore, had the three counts of the present Complaint been joined with the earlier charges, it is doubtful that more than a 60[-day suspension] would have been sought on all the charges.

¶47 In this case, Attorney Osicka is charged with engaging in the practice of law while his license was suspended for failing to satisfy, or failing to report the satisfaction of, CLE requirements. After his suspension, Attorney Osicka

2

submitted a letter brief on behalf of a client in a divorce case. He first entered an appearance in that case on May 26, 2011——before the suspension——and was ordered that day to file a brief by June 16.

¶48 On June 6, 2011, he was suspended for his CLE violation. Attorney Osicka erred in continuing to practice after this suspension. I would feel more strongly about this count if the attorney showed indifference to the client's interest or if the evidence of consistent OLR prosecution in similar situations were clear.

¶49 The second count builds on the first——failure to provide notice of his suspension to all clients and courts in each pending matter, failure to notify adverse counsel, and failure to submit an affidavit to the OLR director that these steps had been taken. Keeping in mind that Attorney Osicka closed his law practice in the same month as his CLE suspension, there is no evidence in the complaint or in the referee's findings of how many persons other than the people involved in Count 1 were affected by the violations in Count 2. Part of Count 2, "engaging in the practice of law while his license to practice [ ] law was suspended," is essentially the same as Count 1. Compare the cited SCR sections: "A lawyer shall not engage in the practice of law in Wisconsin while his . . . state bar membership is suspended" (SCR 31.10(1)) [Count 1], with "An attorney . . . who is suspended from the practice of law may not engage in this state in the practice of law" (SCR 22.26(2)) [Count 2].

¶50 Count 3 is "failing to provide relevant information to OLR in a timely fashion" and "failing to answer questions fully or otherwise provide information requested by OLR," all of which occurred <u>after</u> Attorney Osicka closed his practice.

¶51 OLR moved to "temporarily" suspend Attorney Osicka's license because of the conduct in Count 3. Two years of "temporary" suspension later, he is suspended for an additional 60 days, albeit concurrently with the additional 60 days in the fourth complaint, based in part on this count.

¶52 Looking at this case, it is obvious that only criminals are entitled to "sentence credit."

¶53 The court's opinion in this fifth prosecution, like its opinion in the fourth prosecution, is one-sided. The court portrays itself as fair and reasonable by making Attorney Osicka's 60-day suspension here concurrent with his 60-day suspension in the fourth case. If the court were seriously interested in being equitable, however, it would make the effective date of this suspension retroactive to February 13, 2013, and eliminate the costs in this case.

¶54 For the reasons stated herein and more fully stated in my dissent in the fourth case,[1] <u>OLR v. Tim Osicka</u>, 2014 WI 33, ___ Wis. 2d ___, ___ N.W.2d ___, I respectfully dissent.

---

[1] For the record, my dissent in the fourth case was circulated to the members of the court in April 2013.

4