SHIRLEY S. ABRAHAMSON, C.J.
¶ 31. (concurring). I join the per curiam opinion.
¶ 32. Although Attorney Osicka's repeated violations of the Rules of Professional Conduct for Attorneys in the present case are not the most horrific the court *668 has encountered, Attorney Osicka did harm his clients. (And this is not the first time. Attorney Osicka is a repeat offender.) His clients have registered complaints and they want to be assured that this court's lawyer discipline system cares about them as victims of an attorney's misconduct and that the court will provide the victims with relief.
¶ 33. Victims do not expect the court to ignore them and to treat them as not important enough to redress their grievances. Victims of attorney misconduct deserve OLR's and the court's attention.
¶ 34. I turn to a procedural issue relating to current OLR practice.
¶ 35. The OLR filed another complaint against Attorney Osicka on February 25, 2013, about a year after filing the complaint in the present case. See OLR v. Osicka, 2014 WI 34, 353 Wis. 2d 675, 847 N.W.2d 333. The OLR filed the complaint that is the subject of the present proceedings against Attorney Osicka on January 11, 2012. The same referee presided over both proceedings against Attorney Osicka. The referee's report and recommendation in the second action is dated August 23, 2013 and is an open public file.
¶ 36. I note here that the referee commented critically as follows about the OLR filing two complaints within about a year of each other complaining about conduct in which Attorney Osicka engaged during approximately the same time period. The referee stated:
It is unclear why the matters involving [Attorney Osicka] resulted in the filing of two separate cases. . . . [Everything else charged in the present Complaint... pre-dated the filing, on January 11, 2012, of the earlier complaint in 2012AP60-D, and the OLR had knowledge of all the violations at least several months before *669 January 11, 2012 when the earlier Complaint was filed.. . . The point is, there should have been only one Complaint.
¶ 37. As I have written in OLR v. Johns, 2014 WI 32, 353 Wis. 2d 179, 847 N.W.2d 179, of even date, the OLR disciplinary system is about 15 years old. Several anomalies and proposed amendments have been brought to the court's attention. It is time for the court to institute a review of the system rather than to make piecemeal adjustments at this time.
¶ 38. The present case presents issues that should be considered in such a review.
¶ 39. For the reasons stated, I write separately.