In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Peter J. KOVAC, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Peter J. KOVAC, Respondent.

Supreme Court

*No. 12AP360–D.—Decided November 21, 2012.*

2012 WI 117

(Also reported in 823 N.W.2d 371.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶ 1. PER CURIAM. On July 12, 2012, Referee Jonathan V. Goodman filed an order recommending that Attorney Peter J. Kovac be declared in default, concluding that Attorney Kovac engaged in professional misconduct, and recommending that he be publicly reprimanded. Since Attorney Kovac failed to present a defense despite being given the opportunity to do so, we declare him to be in default. We further conclude that a public reprimand is an appropriate sanction for his misconduct. We also conclude that the costs of the proceeding, which are $306.41 as of August 1, 2012, should be assessed against Attorney Kovac.

¶ 2. Attorney Kovac was admitted to practice law in Wisconsin in 1973 and practices in Milwaukee. In 2008, he consented to the imposition of a public reprimand for professional misconduct involving four separate clients. The misconduct included failure to competently represent a criminal appellate client; failure to diligently represent three criminal clients; failure to communicate with clients; failure to communicate with two clients about their appeals' status; continuing to represent a client after a conflict of interest arose; and non-cooperation with the Office of Lawyer Regulation (OLR) concerning three of the investigations. Public Reprimand of Peter J. Kovac, 2008–05.

¶ 3. On December 8, 2010, C.G. filed a grievance against Attorney Kovac with the OLR. OLR intake staff notified Attorney Kovac of the grievance and asked him to respond. When he failed to do so, the grievance was referred within the OLR for a formal investigation. In January 2011 the OLR director referred C.G.'s grievance to the OLR's District 2 Committee for investigation. The director sent Attorney Kovac a letter notifying him of the referral and directed him to respond. Attorney Kovac failed to do so. Attorney Kovac subsequently failed to respond to additional letters from the OLR's director.

¶ 4. On April 19, 2011, the OLR moved this court for an order requiring Attorney Kovac to show cause why his license to practice law should not be suspended for his willful failure to cooperate in the OLR investigation regarding C.G.'s grievance. This court issued an order to show cause on April 21, 2011, and issued an amended order the following day.

¶ 5. On April 25, 2011, the OLR notified this court that Attorney Kovac finally responded to the OLR's communications regarding C.G.'s grievance and

it wished to withdraw its motion. This court dismissed the OLR's motion on April 26, 2011.

¶ 6.  On February 17, 2012, the OLR filed a complaint alleging that by failing to timely respond to the notice of formal investigation from the OLR, Attorney Kovac violated SCR 22.03(2)[1] and (6),[2] enforceable via SCR 20:8.4(h).[3] Attorney Kovac signed an admission of service for the complaint and order to answer on March 16, 2012. Attorney Kovac did not file an answer.

¶ 7.  On May 8, 2012, the OLR filed a notice of motion and motion for default judgment saying that more than 20 days had passed since Attorney Kovac admitted service of the complaint and that he failed to

[1] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[2] SCR 22.03(6) states as follows:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[3] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

file an answer. The OLR moved for a determination that Attorney Kovac defaulted in timely answering the complaint; for an order for default judgment, including a determination that all of the allegations in the complaint were deemed established; and for issuance and filing of a report making findings of fact and conclusions of law in conformity with the allegations of the complaint, including a recommendation that this court publicly reprimand Attorney Kovac and order him to pay the costs of the proceeding.

¶ 8. The referee filed an order on July 12, 2012, saying that although Attorney Kovac received the order to answer and complaint on March 16, 2012, and was granted an extension of time until June 26, 2012 to answer the complaint, he failed to file a timely answer and was in default. The referee held that the OLR was entitled to a default judgment on the complaint. The referee also concluded that Attorney Kovac violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h). The referee recommended that this court publicly reprimand Attorney Kovac and order him to pay the full costs of the proceeding.

¶ 9. Attorney Kovac has not filed an appeal from the referee's order. Although Attorney Kovac was given the opportunity to file an answer and present a defense to the OLR's complaint, he failed to do so. Accordingly, we declare him to be in default.

¶ 10. A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See*

*In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. We adopt the referee's findings of fact and agree with the referee's conclusion of law that Attorney Kovac violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h). We also agree Attorney Kovac should be required to pay the full costs of this proceeding.

¶ 11.   IT IS ORDERED that Attorney Peter J. Kovac is publicly reprimanded for his professional misconduct.

¶ 12.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Peter J. Kovac shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 13.   IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.