# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1791-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Everett E. Wood, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Everett E. Wood, |
| | Respondent. |

DISCIPLINAARY PROCEEDINGS AGAINST WOOD

| | |
|---|---|
| OPINION FILED: | October 21, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP1791-D

STATE OF WISCONSIN            :            IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Everett E. Wood, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Everett E. Wood,**

        **Respondent.**

**FILED**

OCT 21, 2014

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.   On June 10, 2014, Referee James J. Winiarski issued a report recommending that Attorney Everett E. Wood's license to practice law in Wisconsin be suspended for 90 days for professional misconduct, as recommended in a stipulation executed by the Office of Lawyer Regulation (OLR) and Attorney Wood.   The referee also recommended that Attorney Wood be required to pay the full costs of this proceeding, which are $2,191.38 as of June 30, 2014.

¶2 We agree that Attorney Wood's professional misconduct warrants a 90-day suspension. We also agree that Attorney Wood should be ordered to pay the full costs of the proceeding.

¶3 Attorney Wood was admitted to the State Bar of Wisconsin on June 17, 1992. He resides in Richfield, Wisconsin. Effective March 1, 2013, Attorney Wood's license to practice law was suspended for a period of six months for 28 counts of misconduct committed in seven client matters. That misconduct involved lack of diligence, lack of communication, failure to hold funds in trust, and failure to cooperate with the OLR's investigation. In re Disciplinary Proceedings Against Wood, 2013 WI 11, 345 Wis. 2d 279, 825 N.W.2d 473. Attorney Wood's license remains suspended; he has not petitioned for reinstatement.

¶4 All the allegations of misconduct in the matter now before the court stem from Attorney Wood's representation of S.H.

¶5 In January 2010, S.H. hired Attorney Wood to represent S.H. and his wife in a dispute with a construction company, GSI General, Inc. (GSI). In October of 2010, S.H. gave Attorney Wood $400 for future litigation expenses or costs. Attorney Wood agreed to represent S.H. for a one-third contingency fee. Attorney Wood did not provide S.H. with a written fee agreement. Attorney Wood did not hold the entire $400 in trust until expended. Attorney Wood did not maintain individual client registers or a transaction register for his trust account.

¶6    In March of 2011, Attorney Wood filed suit against GSI on behalf of S.H.   In October of 2011, S.H. and GSI settled the lawsuit after mediation.   GSI agreed to pay S.H. as follows: $6,000 on or before February 1, 2012; $2,300 on or before May 1, 2012; and $1,700 on or before October 1, 2012.

¶7    S.H. departed before the negotiation was complete, so Attorney Wood signed the agreement on S.H.'s behalf.   Attorney Wood did not send a copy of the settlement agreement to S.H.

¶8    On or around October 12, 2011, the mediator sent a bill for $385 to Attorney Wood.   Attorney Wood did not timely pay this bill, despite having received $400 from S.H. towards costs.

¶9    On February 1, 2012, GSI's attorney issued a check for $6,000 payable to Attorney Wood's trust account.   The next day, Attorney Wood deposited $6,000 into his trust account but did not promptly notify S.H., in writing, that Attorney Wood had received GSI's initial settlement payment.

¶10   On February 3, 2012, Attorney Wood withdrew $1,866 from his trust account in a cash transaction, presumably reflecting his fee portion of the first settlement payment, but did not provide S.H. with a settlement accounting at the time.

¶11   In February 2012, S.H. called and emailed Attorney Wood to inquire about the settlement payment but could not reach him.   Later that month, Attorney Wood made additional cash withdrawals from his trust account.   By that time, Attorney Wood had spent $269 in filing fees and $64 serving the complaint out of the $400.   Therefore, $67 attributable to S.H. should have

3

remained in Attorney Wood's trust account, but his trust account balance was below $36 for multiple days in February 2012.

¶12 On March 1, 2012, S.H. filed a grievance against Attorney Wood. On or about March 13, 2012, Attorney Wood sent S.H. a cashier's check for $4,133, representing S.H.'s portion of the first settlement payment together with a refund of the $400 reflecting pre-paid expenses. Attorney Wood also provided a settlement statement.

¶13 On March 21, 2012, the OLR wrote to Attorney Wood, requiring his written response to the grievance by April 13, 2012. Attorney Wood did not respond to this inquiry or to several subsequent requests for information.

¶14 On May 3, 2012, GSI's attorney issued a check for $2,300 payable to Attorney Wood's trust account. The next day, Attorney Wood deposited these funds into his trust account. On May 7, 2012, Attorney Wood advised S.H. by email that he had received the second payment.

¶15 On May 8, 2012, Attorney Wood withdrew $766 from his trust account. On May 10, 2012, Attorney Wood withdrew another $1,544 from his trust account. That same day, he sent S.H. a cashier's check for $1,534, representing S.H.'s portion of the second payment.

¶16 On May 11, 2012, the OLR received a response from Attorney Wood, partially responsive to its investigative request. However, Attorney Wood then failed to respond to follow-up requests for more information until the OLR moved this

4

court for an order temporarily suspending Attorney Wood's Wisconsin law license for non-cooperation.

¶17 On August 12, 2013, the OLR filed a complaint alleging that Attorney Wood had engaged in seven counts of misconduct based on his representation of S.H. On or about February 13, 2014, following the filing of an answer and the appointment of the referee, the parties executed a stipulation and no contest plea, pursuant to which Attorney Wood pled "no contest" to the counts alleged and agreed that the allegations of the complaint, as amended in the stipulation, could be used as a factual basis for a determination of his misconduct. Both the OLR and Attorney Wood agreed that a 90-day suspension was appropriate.

¶18 As part of the stipulation between the parties, Attorney Wood noted the following:

- that the arrangement between S.H. and Attorney Wood permitted S.H. to elect the billing method (either hourly or contingent) once it was known if they would obtain attorney fees from the defendant;

- that the mediator's bill was eventually paid;

- that S.H. was informed of the settlement accounting in detail, knew that the check was received and of the amount he was to receive, and failed to return the disbursement register that was sent to him confirming receipt of funds and approving disbursement to him per his selected billing manner;

5

- that after February 2012, Attorney Wood did not receive further communication from S.H. until early March 2012;

- that Attorney Wood sent S.H. a check for $4,133 after receiving confirmation that S.H. had elected a contingency billing method; and

- that Attorney Wood responded to the OLR's April 18, 2012 letter, although not timely.

¶19 The referee afforded both parties the opportunity for further briefing and directed the parties to address the appropriate effective date for discipline and whether Attorney Wood had sought reinstatement in relation to his prior suspension.

¶20 The referee reviewed the complaint and stipulation and other filings of the parties and concluded that Attorney Wood committed the seven counts of misconduct alleged in the complaint. Specifically, the complaint alleged, the parties stipulated, and the referee concluded:

> [Count One] By failing to provide his client, [S.H.], a written fee agreement setting forth the terms of their contingent fee arrangement and to obtain his signature thereon, [Attorney] Wood violated SCR 20:1.5(c).[1]

---

[1] Supreme Court Rule (SCR) 20:1.5(c) provides:

> A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined,

(continued)

6

[Count Two] By failing to keep [S.H.] informed about the status of the settlement payment and by failing to respond to [S.H.'s] requests for information about the status of the settlement funds that [S.H.] was due, [Attorney] Wood violated SCR 20:1.4(a)(3) and (4).[2]

[Count Three] By failing to hold his client's settlement funds in trust from the time that he received the funds until he disbursed the funds to his client, [Attorney] Wood violated SCR 20:1.15(b).[3]

---

including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[2] SCR 20:1.4(a)(3) and (4) provide, respectively, that a lawyer shall "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests by the client for information."

[3] The OLR's complaint and the referee's report both quote only subsection (b)(1) of this rule in regards to this count of misconduct.  For our purposes here, we follow suit and therefore consider this count (Count Three) to be in violation of SCR 20:1.15(b)(1), which provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation.  All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[Count Four] By failing to hold in trust the $400 advanced to him by his client for payment of anticipated costs, [Attorney] Wood violated SCR 20:1.15(b)(4).[4]

[Count Five] By withdrawing funds from his client trust account via teller cash transactions, [Attorney] Wood violated SCR 20:1.15(e)(4)a.[5]

[Count Six] By failing to maintain and preserve complete records of funds he held in trust, including a transaction register and individual client ledgers, [Attorney] Wood violated SCR 20:1.15(e)(6).[6]

[Count Seven] By failing to respond to the [S.H.] grievance within 20 days of receiving notice that his formal written response was required, [Attorney] Wood violated SCR 22.03(2),[7] enforceable via

---

[4] SCR 20:1.15(b)(4) provides:

Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[5] SCR 20:1.15(e)(4)a. provides that "[n]o disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to 'Cash.'"

[6] SCR 20:1.15(e)(6) provides that "[a] lawyer shall maintain complete records of trust account funds and other trust property and shall preserve those records for at least 6 years after the date of termination of the representation."

[7] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may

(continued)

8

SCR 20:8.4(h).[8] In addition, by delaying his response to OLR's request for additional information until compelled by an order to show cause issued by the Supreme Court, [Attorney] Wood violated SCR 22.03(6),[9] enforceable via SCR 20:8.4(h).

¶21 The referee then considered appropriate discipline, identifying the factors considered in determining discipline for professional misconduct, citing In re Disciplinary Proceedings Against Carroll, 2001 WI 130, ¶40, 248 Wis. 2d 662, 636 N.W.2d 718, as well as the ABA standards for discipline. The referee noted that Attorney Wood had recently received a six-month suspension for 28 counts of misconduct involving lack of diligence, lack of communication with clients, failure to hold client funds in trust, and failure to cooperate with the OLR's investigation. The referee observed that Attorney Wood's misconduct in the instant matter again involves failure to keep a client informed of the status of his case, trust account

---

allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[8] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

[9] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

violations, and failure to cooperate in an OLR investigation, in addition to a failure to have a written fee agreement with a client. The referee stated:

> I am troubled by the fact that Attorney Wood is again involved in an attorney disciplinary proceeding wherein there is lack of communication with a client, failure to hold funds in trust and failure to cooperate with an OLR investigation. This is an unacceptable pattern of misconduct by Attorney Wood.

¶22 The referee noted that the misconduct in this case occurred after the misconduct in Attorney Wood's prior disciplinary proceeding, but acknowledged that much of it occurred while that prior disciplinary proceeding was pending. The referee was also troubled by Attorney Wood's failure to cooperate in the OLR investigations in both the previous disciplinary matter and this case.

¶23 On balance, the referee accepted the parties' joint recommendation and recommended that Attorney Wood's law license be suspended for a period of 90 days commencing the date of this order. He further recommended that Attorney Wood be responsible for all the costs of this disciplinary proceeding, which total $2,191.38 as of June 30, 2014. No restitution is requested by the OLR and none is recommended.

¶24 No appeal was filed, so we review this matter pursuant to SCR 22.17(2). We will affirm the referee's findings of fact unless they are clearly erroneous. We review conclusions of law de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We may impose whatever sanction we see fit, regardless of the referee's

10

recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶25 Here, we agree with the referee that the allegations in the OLR's complaint have been established and that Attorney Wood engaged in the seven counts of misconduct alleged in the complaint, as stipulated by the parties. We further agree that a 90-day suspension is an appropriate sanction for Attorney Wood's misconduct and we agree that he should pay the full costs of the proceeding.

¶26 IT IS ORDERED that the license of Everett E. Wood to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

¶27 IT IS FURTHER ORDERED that within 60 days of the date of this order, Everett E. Wood shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶28 IT IS FURTHER ORDERED that, to the extent he has not already done so, Everett E. Wood shall comply with the provisions of SCR 22.26 concerning the duties of any attorney whose license to practice law has been suspended.

11