# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP654-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Peter J. Kovac, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Peter J. Kovac, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KOVAC

| | |
|---|---|
| OPINION FILED: | July 8, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

No.  2015AP654-D

NOTICE

**This opinion is subject to further editing and modification.  The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Peter J. Kovac, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Peter J. Kovac,**

      **Respondent.**

**FILED**

**JUL 8, 2016**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1  PER CURIAM.  We review referee James J. Winiarski's recommendation that Attorney Peter J. Kovac be declared in default and that his license to practice law in Wisconsin be suspended for 90 days for professional misconduct.  The referee also recommended that Attorney Kovac pay the full costs of the proceeding, which are $1,824.83 as of February 2, 2016.

¶2 We declare Attorney Kovac to be in default. We agree with the referee that Attorney Kovac's professional misconduct warrants a 90-day suspension of his license to practice law in Wisconsin. We also agree that Attorney Kovac should pay the full costs of this proceeding.

¶3 Attorney Kovac was admitted to practice law in Wisconsin in 1973 and practices in Milwaukee. In 2008, he agreed to a consensual public reprimand for failure to competently represent a criminal appellate client; failure to diligently represent three criminal clients; failure to communicate with clients; failure to communicate with clients about their appeal status; continuing to represent a client after a conflict of interest arose; and failing to cooperate with the Office of Lawyer Regulation (OLR) concerning three of the investigations. Public Reprimand of Peter J. Kovac, 2008-OLR-05. In 2012, Attorney Kovac was publicly reprimanded for failure to timely respond to a notice of formal investigation from the OLR. See In re Disciplinary Proceedings Against Kovac, 2012 WI 117, 344 Wis. 2d 522, 823 N.W.2d 371.

¶4 On April 2, 2015, the OLR filed a complaint against Attorney Kovac alleging seven counts of misconduct with respect to two client matters. The first client matter detailed in the OLR's complaint involved Attorney Kovac's representation of K.R., who hired Attorney Kovac to defend him on felony criminal charges pending in the United States District Court for the Eastern District of Wisconsin. K.R. paid Attorney Kovac an initial fee of $5,000 via credit card. Attorney Kovac did not

2

enter into a written fee agreement with K.R. Attorney Kovac discussed a $15,000 to $25,000 range as fees for K.R.'s felony matter. After the first day of trial, Attorney Kovac received an additional $2,500 paid from K.R.'s credit card. K.R. subsequently rescinded the $2,500 payment.

¶5 K.R. was convicted and sentenced to a six-month term of incarceration, supervised release, and restitution. Attorney Jeffrey Jensen filed a motion to substitute as K.R.'s attorney, which was granted. After being appointed as successor counsel, Attorney Jensen attempted on numerous occasions to obtain the client file from Attorney Kovac, but Attorney Kovac failed to respond.

¶6 Attorney Jensen filed a motion to compel, requesting Attorney Kovac be ordered to turn over his client file. The district court issued an order directing Attorney Kovac to turn over the client file. The order stated that failure to turn over the file would cause the United States Marshal to arrest Attorney Kovac and hold him in custody until he had turned over the file. Attorney Kovac delivered K.R.'s file to Attorney Jensen's office prior to the deadline established in the district court's order.

¶7 K.R. filed a grievance against Attorney Kovac. The OLR notified Attorney Kovac of its investigation and requested him to submit a written response to the grievance. Attorney Kovac failed to respond. It was not until after this court issued an order to show cause as to why Attorney Kovac's law license should not be suspended that he responded to the

3

grievance. The OLR withdrew its motion for a temporary suspension of Attorney Kovac's license.

¶8 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's representation of K.R.:

> [Count 1] By failing to have a written fee agreement when the total legal costs of the representation in connection with K.R.'s federal criminal matter were more than $1,000 and having received a $5,000 retainer from [K.R.], Kovac violated SCR 20.1.5(b)(1) and (2).[1]
>
> [Count 2] By failing upon termination of representation, to promptly turn over his client file for representation of K.R. in the federal criminal matter to successor counsel, Kovac violated SCR 20:1.16(d).[2]

---

[1] SCR 20:1.5(b)(1) provides:

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, except before or within a reasonable time after commencing the representation when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

SCR 20:1.5(b)(2) provides: "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

[2] SCR 20:1.16(d) provides:

(continued)

4

[Count 3] By failing to timely provide a written response to OLR in the matter of the grievance of K.R., Kovac violated SCR 22.03(2)[3] and SCR 22.03(6)[4] enforced via SCR 20:8.4(h).[5]

---

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[4] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to: . . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

5

¶9 The second client matter detailed in the OLR's complaint arose out of Attorney Kovac's representation of A.B. in a Milwaukee County criminal matter. A.B. entered a guilty plea to two drug-related charges, was found guilty, and was sentenced. Attorney Kovac did not file a notice of intent to appeal. A.B. filed a pro se motion to extend the time to file a notice of intent to appeal, seeking post-conviction relief. A.B. contacted Attorney Kovac on numerous occasions trying to obtain his client file so that successor counsel could perfect post-conviction relief in the criminal matter. Attorney Kovac failed to respond. The court of appeals directed Attorney Kovac to respond to A.B.'s motion, but Attorney Kovac failed to comply.

¶10 Attorney Kevin Gaertner was appointed successor counsel for A.B. Attorney Gaertner repeatedly asked Attorney Kovac to turn over the client file in the criminal matter, but Attorney Kovac never delivered the file to Attorney Gaertner. Attorney Gaertner finally received the file from the State Public Defender's office.

¶11 A.B. filed a grievance against Attorney Kovac. As in the K.R. matter, Attorney Kovac failed to respond to the OLR's repeated requests for a response to the grievance and it was not until after this court had issued an order to show cause why Attorney Kovac's license should not be temporarily suspended for

his failure to respond to the OLR that he finally filed a response and the OLR withdrew its motion.

¶12 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's handling of the A.B. matter:

> [Count 4]  By failing to file the notice of intent to pursue post conviction relief in the A.B. matter, [Attorney] Kovac violated SCR 20:1.3.[6]
>
> [Count 5]  By failing, upon termination of representation, to respond to phone calls and letters from A.B. relating to requests to return his file so that he could pursue post-conviction relief, [Attorney] Kovac violated SCR 20:1.16(d).
>
> [Count 6]  By failing to respond to multiple Orders from the Court of Appeals requesting that Attorney Kovac provide a response concerning whether he had counseled A.B. regarding the decision to seek post-conviction relief, [Attorney] Kovac violated SCR 20:3.4(c).[7]
>
> [Count 7]  By failing to provide a timely initial response to A.B.'s grievance and by failing to timely respond to OLR's request for a supplemental response to A.B.'s grievance, [Attorney] Kovac violated SCR 22.03(2) and SCR 22.03(6), enforced via 20:8.4(h).

¶13 The referee was appointed on July 14, 2015.  After Attorney Kovac failed to file an answer to the complaint, the OLR filed a notice of motion and motion for default judgment.

---

[6] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[7] SCR 20:3.4(c) provides:  "A lawyer shall not: . . . . knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

The referee advised the parties that a telephone scheduling conference would be held on August 12, 2015. On August 11, 2015, at approximately 4:40 p.m., Attorney Kovac left a voice message with the referee's office asking for an adjournment of the telephonic scheduling conference. The referee issued an order adjourning the telephonic scheduling conference to September 15, 2015. The referee also ordered Attorney Kovac to file his answer to the complaint on or before September 11, 2015. The referee advised Attorney Kovac that the OLR had filed a motion for default judgment and that the referee would not further extend the time to file an answer.

¶14 Attorney Kovac failed to file an answer by the September 11, 2015 extended deadline. He also failed to participate in the telephonic scheduling conference on September 15, 2015, at which time the OLR orally renewed its motion for default judgment. On October 1, 2015, the referee issued an order declaring Attorney Kovac to be in default.

¶15 On October 8, 2015, the referee issued an order granting the parties the opportunity to file written argument with respect to the appropriate discipline. The referee gave Attorney Kovac until November 20, 2015 to file a response to the OLR's written argument and authorities. Attorney Kovac failed to file a response by November 20, 2015. On November 23, 2015, Attorney Kovac sent the referee a letter in which he claimed

8

that he had tried to drop off a response at the referee's office on November 20. The November 23 letter included a copy of the response in which Attorney Kovac referenced various mitigating circumstances.

¶16 In response to Attorney Kovac's letter, the referee sent a letter to both parties indicating that if Attorney Kovac wanted to have a hearing on the appropriate discipline and mitigating circumstances, he was to discuss available dates and times with the OLR. The referee also advised Attorney Kovac that the referee would not reopen the case and that the declaration of default would remain in place. Attorney Kovac was advised that the referee considered time to be of the essence and that the referee would not grant any additional time to Attorney Kovac to arrange a hearing. Attorney Kovac failed to take any action, did not contact the OLR to arrange a date and time for the suggested hearing, and never filed an answer or otherwise responded to the OLR's complaint.

¶17 The referee issued his report and recommendation in the matter on January 19, 2016. The referee found that the OLR had met its burden of proof with respect to all seven counts of misconduct alleged in the complaint. With respect to the appropriate level of discipline, the referee pointed to Attorney Kovac's two prior public reprimands and commented that there appears to be a pattern of misconduct whereby Attorney Kovac

9

fails to properly represent his clients and there is also a disturbing pattern of Attorney Kovac failing to cooperate in OLR investigations. The referee opined that Attorney Kovac's continuing misconduct shows disrespect for supreme court rules and his obligations as a practicing attorney. The referee explained:

> The respondent's misconduct is serious in nature. He intentionally neglects clients. He intentionally fails to cooperate with successor counsel. He intentionally fails to cooperate with OLR investigations. He ignores orders issued by courts, including appellate courts.
>
> By my count, respondent has now failed to cooperate with at least six OLR investigations of misconduct. His failure to cooperate is not an oversight or a mistake, but rather an intentional course of misconduct in defiance of his obligations as a Wisconsin lawyer. Also, he has now failed to file an answer in two disciplinary cases involving three separate grievances.
>
> When I review respondent's behavior in the past two public reprimands with his conduct in this case, I note another troublesome pattern. Respondent, during his representation of clients and in his handling of grievances, takes a course of delay, excuses, and misrepresentations. Repeated promises to clients, courts, OLR, and referees are simply never complied with. Instead, they are replaced with new promises to clients, courts, OLR, and referees.
>
> In the present case, respondent was given multiple chances to file an answer. Rather than file an answer, he would appear at my office after deadlines had passed and essentially ask for more time. When he would be given additional time, he would again fail to respond. In the present case, he filed a late letter indicating he wanted to be heard on mitigating circumstances, but never follows through with any efforts to secure a hearing that was offered to him on the subject of mitigating circumstances.

10

> The pattern of non-cooperation, delay, misrepresentation in representing clients and in responding to grievances is now most apparent. Further complicating the situation is the fact that respondent, in defaulting in the last two disciplinary cases, has not provided any explanations for his conduct. I fear that such conduct will continue and will cause harm in the future to respondent's clients.

¶18 The referee commented that two prior public reprimands failed to change Attorney Kovac's behavior, and the referee said a higher level of discipline was needed to protect the public, the courts, and the legal system from a repetition of Attorney Kovac's misconduct. Accordingly, the referee recommended that Attorney Kovac's license to practice law in Wisconsin be suspended for 90 days. The referee also recommended that Attorney Kovac be ordered to pay the entire cost of the disciplinary proceeding.

¶19 Supreme court rule 22.17 provides that an appeal from a referee's report must be filed within 20 days after the filing of the report. Since the referee's report was filed on January 19, 2016, Attorney Kovac's appeal needed to be filed by February 8, 2016 in order to be timely. Attorney Kovac did not file a timely appeal. Instead, on February 12, 2016, he filed a letter asking for additional time to file a formal response to the referee's report. This court construed the letter as a motion to extend the time to file an appeal. By order dated March 7, 2016, this court denied the motion.

11

¶20 Although Attorney Kovac was given the opportunity to file an answer and present a defense to the OLR's complaint, he failed to do so. Accordingly, we declare him to be in default.

¶21 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686. We adopt the referee's findings of fact and agree with the referee's conclusions of law that Attorney Kovac violated the supreme court rules referenced above.

¶22 We also agree with the referee that a 90-day suspension of Attorney Kovac's license to practice law in Wisconsin is an appropriate sanction for his misconduct. We share the referee's concern that, in spite of receiving two prior public reprimands for, among other things, failing to diligently represent and communicate with criminal clients and failing to cooperate with the OLR's investigation into pending grievances, Attorney Kovac has continued to engage in the same type of behavior that led to the public reprimands. As we have oft noted, Wisconsin follows the concept of progressive discipline. See In re Disciplinary Proceedings Against Brandt,

2012 WI 8, ¶21, 338 Wis. 2d 524, 808 N.W.2d 687. We agree with the referee that a 90-day suspension is necessary to protect the public, the courts, and the legal system from repetition of Attorney Kovac's misconduct; impress upon the attorney the seriousness of his misconduct; and deter other attorneys from committing similar misconduct.

¶23 In addition, we find that a 90-day suspension is generally consistent with the sanction imposed in other somewhat similar cases. Although no two disciplinary proceedings are identical, we find this fact situation generally analogous to In re Disciplinary Proceedings Against Wood, 2014 WI 116, 358 Wis. 2d 472, 854 N.W.2d 844. In Wood, an attorney received a 90-day suspension for seven counts of misconduct that included failing to provide a client with a written fee agreement, failing to respond to a client's requests for information, and failing to respond to the OLR's investigation into his misconduct.

¶24 Finally, we agree with the referee that Attorney Kovac should bear the full costs of this proceeding.

¶25 IT IS ORDERED that the license of Peter J. Kovac to practice law in Wisconsin is suspended for a period of 90 days, effective August 12, 2016.

¶26 IT IS FURTHER ORDERED that within 60 days of the date of this order, Peter J. Kovac shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,824.83.

¶27 IT IS FURTHER ORDERED that Peter J. Kovac shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶28 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).