# SUPREME COURT OF WISCONSIN

| CASE No.: | 2016AP2522-D |
| --- | --- |

| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Peter J. Kovac, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant-Respondent,<br>     v.<br>Peter J. Kovac,<br>          Respondent-Appellant. |
| --- | --- |

DISCIPLINARY PROCEEDINGS AGAINST KOVAC

| OPINION FILED: | May 27, 2020 |
| --- | --- |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| SOURCE OF APPEAL: | |
| --- | --- |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| JUSTICES: | |
| --- | --- |
| Per Curiam | |
| NOT PARTICIPATING: | |
| REBECCA FRANK DALLET, J. | |

ATTORNEYS:

For the respondent-appellant, there was a brief filed by *Peter J. Kovac*, Milwaukee, WI.

For the complainant-respondent, there was a brief filed by *John T. Payette* and *The Office of Lawyer Regulation*, Madison, WI.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP2522-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Peter J. Kovac, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant-Respondent,**

       **v.**

**Peter J. Kovac,**

       **Respondent-Appellant.**

**FILED**

**MAY 27, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. Attorney Peter J. Kovac has appealed Referee Richard M. Esenberg's recommendation that his license to practice law in Wisconsin be suspended for five months for seven counts of professional misconduct. The referee also recommended that Attorney Kovac pay the full costs of this proceeding, which are $7,401.87 as of December 11, 2019.

¶2 Upon careful review of the matter, we agree with the referee that Attorney Kovac's professional misconduct warrants a five-month suspension of his license to practice law in Wisconsin.

We also agree that Attorney Kovac should bear the full costs of this proceeding. The OLR did not request restitution, and no restitution is ordered.

¶3 Attorney Kovac was admitted to practice law in Wisconsin in 1973 and practices in Milwaukee. He has been the subject of professional discipline on three prior occasions. In 2008, he agreed to a consensual public reprimand for failure to competently represent a criminal appellate client; failure to diligently represent three criminal clients; failure to communicate with clients; failure to communicate with clients about their appeals' status; continuing to represent a client after a conflict of interest arose; and failing to cooperate with the Office of Lawyer Regulation (OLR) concerning three of the investigations. Public Reprimand of Peter J. Kovac, No. 2008-05 (electronic copy available at https://compendium.wicourts.gov/app/raw/002031.html).

¶4 In 2012, Attorney Kovac was publicly reprimanded for failure to timely respond to a notice of formal investigation from the OLR. See In re Disciplinary Proceedings Against Kovac, 2012 WI 117, 344 Wis. 2d 522, 823 N.W.2d 371.

¶5 In 2016, Attorney Kovac's law license was suspended for 90 days for failing to have a written fee agreement; failing upon termination of representation to promptly turn over a client file to successor counsel; failure to file a notice of intent to pursue post-conviction relief; failure to respond to multiple orders from the court of appeals; and failing to provide a timely initial response to a grievance and failing to timely respond to the OLR's request for a supplemental response to the grievance. See In re

2

*Disciplinary Proceedings Against Kovac*, 2016 WI 62, 370 Wis. 2d 388, 881 N.W.2d 44.

¶6 On December 29, 2016, the OLR filed a complaint against Attorney Kovac alleging seven counts of misconduct with respect to three client matters. The complaint also alleged that Attorney Kovac failed to cooperate with the OLR's investigation into one grievance.

¶7 The first client matter detailed in the OLR's complaint involved Attorney Kovac's representation of M.M., who hired Attorney Kovac to represent him to pursue post-conviction relief. M.M. was convicted of two felony counts and sentenced in June 2014. On July 3, 2014, Attorney Kovac filed a notice of intent to pursue post-conviction relief on M.M.'s behalf and represented him during the late summer and early fall of 2014.

¶8 After September 2014, Attorney Kovac failed to pursue post-conviction relief on M.M.'s behalf, failed to respond to his inquiries as to the status of his appeal, and the time to appeal expired.

¶9 M.M. requested an extension of time to pursue post-conviction relief.

¶10 On April 24, 2015, the State Public Defender's office appointed Attorney Angela Kachelski as M.M.'s appellate counsel. Between July 31, 2015 and November 2015, Attorney Kachelski made numerous telephone calls and written attempts to contact Attorney Kovac to obtain M.M.'s file, but Attorney Kovac failed to respond. M.M. personally sent letters to Attorney Kovac requesting that his

file be turned over to Attorney Kachelski, but Attorney Kovac failed to respond.

¶11 In August 2015 and October 2015, Attorney Kachelski filed motions to extend time to file notice of appeal or post-conviction motions with the court of appeals. That court extended the deadline for M.M. to file a post-conviction motion or a notice of appeal to December 11, 2015.

¶12 On November 24, 2015, Attorney Kachelski received a message from Attorney Kovac saying he would get the file materials to her "this week." Attorney Kovac failed to turn over the file.

¶13 On November 30, 2015, Attorney Kachelski left Attorney Kovac a voicemail message saying she could pick up the file from him any time or any place. Attorney Kovac failed to respond.

¶14 On December 2, 2015, Attorney Kachelski called Attorney Kovac, but his voicemail box was full and no longer accepting messages.

¶15 Attorney Kachelski filed four more notices of motion to extend time to file a notice of appeal or post-conviction motion with the court of appeals between December 2015 and June 2016. During that time period, Attorney Kachelski made numerous attempts to obtain the file from Attorney Kovac, but Attorney Kovac failed to turn over the file.

¶16 Attorney Kachelski filed a grievance with the OLR against Attorney Kovac. On November 20, 2015 and January 6, 2016, the OLR provided Attorney Kovac with notice of the grievance and requested a response. Attorney Kovac failed to respond.

4

¶17  On March 9, 2016, the OLR filed a notice of motion and motion requesting an order to show cause as to why Attorney Kovac's license should not be suspended for willful failure to cooperate with the OLR's investigation of the grievance.  This court issued an order to show cause on March 10, 2016 requiring Attorney Kovac to show in writing within 20 days why the OLR's motion should not be granted.  On April 25, 2016, Attorney Kovac provided the OLR with an initial response to the grievance so the OLR withdrew its motion.  In that response, Attorney Kovac said he would get the file to Attorney Kachelski, but he failed to do so.

¶18  The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's representation of M.M.:

**Count 1:**  Upon termination of representation, in failing to deliver his file to successor counsel, despite repeated requests that he do so, Attorney Kovac violated SCR 20:1.16(d).[1]

**Count 2:**  By failing to provide the OLR with a timely written response to the grievance in the M.M. matter,

---

[1] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Attorney Kovac violated 22.03(2)[2] and SCR 22.03(6),[3] enforceable via SCR 20:8.4(h).[4]

¶19 The second client matter detailed in the OLR's complaint arose out of Attorney Kovac's representation of E.B., who hired Attorney Kovac to represent him on sexual assault charges. In January 2010, E.B. was sentenced to 20 years in prison. He paid Attorney Kovac $5,000 to represent him in an appeal.

¶20 On February 12, 2012, Attorney Kovac filed a notice of intent to pursue post-conviction relief for sentence reduction. Attorney Kovac failed to file a motion in circuit court or an appeal relating to post-conviction relief for sentence reduction.

---

[2] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[3] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶21 E.B. filed a grievance against Attorney Kovac. In letters of September 1, 2015 and October 14, 2015, the OLR provided Attorney Kovac with a notice of the grievance and requested a response. Attorney Kovac failed to respond.

¶22 In January 2016, the OLR filed a notice of motion and motion requesting an order to show cause as to why Attorney Kovac's license should not be suspended for willful failure to cooperate with the OLR's investigation of the grievance. This court issued an order to show cause and subsequently granted Attorney Kovac an extension of time to file his response. In February 2016, Attorney Kovac provided the OLR with an initial response to the E.B. grievance so the OLR withdrew its motion. In July 2016, the OLR requested additional information from Attorney Kovac in the E.B. matter, but Attorney Kovac failed to respond.

¶23 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's handling of the E.B. matter:

> **Count 3:** After filing a notice of intent to pursue post-conviction relief, by thereafter failing to pursue post-conviction relief in circuit court or an appeal, Attorney Kovac violated SCR 20:1.3.[5]

> **Count 4:** By failing to provide the OLR with timely written responses to the grievance, Attorney Kovac violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶24 The third client matter detailed in the OLR's complaint arose out of Attorney Kovac's representation of R.M. From April

---

[5] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2010 until January 2012, Attorney Kovac represented R.M. in a criminal matter. In December 2011, R.M. was convicted of felony murder and sentenced to life in prison.

¶25 Attorney Steven Zaleski represented R.M. in the appeal of the conviction. In September 2013, the court of appeals reversed and remanded the case to the circuit court. R.M. hired Attorney Kovac to represent him at the new trial. Attorney Kovac came into possession of transcripts obtained by Attorney Zaleski during the first appeal.

¶26 On remand, R.M. entered a plea and was sentenced to 25 years in prison in September of 2014. Attorney Zaleski represented R.M. during his second appeal. R.M. and his mother contacted Attorney Kovac in writing and by telephone to request the transcripts from the first appeal, but Attorney Kovac failed to respond.

¶27 R.M. filed a grievance against Attorney Kovac. In February 17, 2016 and April 12, 2016, the OLR sent letters to Attorney Kovac with notice of the grievance and requested a response. In an April 22, 2016 response, Attorney Kovac told the OLR he would forward the transcripts to R.M., but he failed to do so.

¶28 In letters to the OLR dated May 3, May 9, June 6, and June 30, 2016, R.M. informed the OLR he had not received the transcripts.

¶29 In a July 1, 2016 letter, the OLR requested that Attorney Kovac inform the OLR whether he had sent the transcripts to R.M. and the date on which he sent them. Attorney Kovac failed to

respond. To date, Attorney Kovac has failed to provide the transcripts to R.M.

¶30 The OLR's complaint alleged the following count of misconduct with respect to Attorney Kovac's handling of the R.M. matter:

> **Count 5:** Upon termination of representation, in failing to deliver the trial transcripts to R.M., Attorney Kovac violated SCR 20:1.16(d).

¶31 The final two counts detailed in the OLR's complaint involved Attorney Kovac's failure to cooperate in the investigation of a grievance filed by V.Y. V.Y. had signed a fee agreement in December 2014 whereby Attorney Kovac was to represent him in three criminal matters.

¶32 V.Y. filed a grievance against Attorney Kovac in February of 2015. In May 20 and July 1, 2015 letters, the OLR provided Attorney Kovac with notice of the investigation and requested a response. Attorney Kovac failed to respond.

¶33 On July 30, 2015, the OLR filed a notice of motion and motion requesting an order to show cause as to why Attorney Kovac's license should be not suspended for willful failure to cooperate with the OLR's investigation of the V.Y. grievance. This court issued an order to show cause. In August 2015, Attorney Kovac submitted an initial response, and the OLR withdrew its motion.

¶34 In a February 3, 2016 letter, the OLR requested Attorney Kovac to advise when he had turned over V.Y.'s files to successor counsel. Attorney Kovac failed to respond.

9

¶35 In March 2016, the OLR filed a second notice of motion and motion requesting an order to show cause as to why Attorney Kovac's license should not be suspended for his willful failure to cooperate with investigation of the grievance. This court issued an order to show cause. In April 2016, Attorney Kovac submitted a supplemental written response and the OLR withdrew its motion.

¶36 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's failure to respond to V.Y.'s grievance:

> **Count 6:** By failing to provide the OLR with a timely written response to the grievance, Attorney Kovac violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

> **Count 7:** By failing to provide a timely written response to the OLR's February 3, 2016 request for additional information relating to the investigation, Attorney Kovac violated SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶37 A referee was appointed on February 1, 2017. The OLR filed a timely motion for substitution of the referee, which was granted. Referee Esenberg was appointed on April 3, 2017. By the time Referee Esenberg was appointed, the OLR had filed a motion for default judgment because Attorney Kovac had failed to file an answer to the complaint. Referee Esenberg issued an order giving Attorney Kovac until May 26, 2017 to file an answer. Attorney Kovac did file an answer on May 24, 2017. The answer admitted most of the allegations in the complaint and offered various mitigating circumstances.

¶38    In August 2017, the OLR moved for judgment on the pleadings or, in the alternative, for summary judgment.  Referee Esenberg established a briefing schedule which required Attorney Kovac to file a response by September 18, 2017.  He failed to do so.

¶39    On November 14, 2017, Referee Esenberg issued an interim report finding that the OLR had met its burden of proof with respect to all of the counts in the complaint with the exception of Count 3.

¶40    In June 2018, the referee entered an order setting a scheduling conference.  The referee advised Attorney Kovac that if his health precluded his participating in the proceeding, a proper avenue for relief might be SCR 22.16(4).[6]  At a July 5, 2018 scheduling conference, Attorney Kovac agreed he would provide a statement by July 16, 2018 on whether he continued to dispute the allegations of Count 3.  He also agreed to provide written statements from any witnesses he intended to call with respect to mitigation or sanctions by September 4, 2018.  Attorney Kovac failed to comply with that order.

---

[6] SCR 22.16(4) provides:

(a) If in the course of the proceeding the respondent claims to have a medical incapacity that makes the defense of the proceeding impossible, the referee shall conduct a hearing and make findings concerning whether a medical incapacity makes defense of the proceeding impossible. The referee may order the examination of the respondent by qualified medical or psychological experts.

11

¶41 In October 2018, the OLR filed a notice of motion and motion for default judgment as to Count 3. The referee directed Attorney Kovac to respond no later than October 22, 2018 and again asked if he intended to contest Count 3 on the merits.

¶42 On October 23, 2018, Attorney Kovac hand delivered a letter to the referee apologizing for failing to comply with the scheduling order and admitting that his failure to do so had been disrespectful and frustrated the process. Attorney Kovac stated he did not wish to bear the expense of an evidentiary hearing and hoped that the referee's consideration of Count 3 would be limited to the complaint and statements of "V.Y.'s successor counsel." Attorney Kovac apparently was confused with respect to which client was the subject of Count 3.

¶43 On November 7, 2018, Referee Esenberg issued a second interim report. In the report the referee said that Attorney Kovac failed to clearly indicate whether he intended to contest Count 3, so Count 3 would be addressed at an evidentiary hearing. The hearing was held on November 12, 2018. The referee issued his final report on July 23, 2019. In that report the referee found that Attorney Kovac did commit the misconduct alleged in Count 3 of the OLR's complaint.

¶44 As to the appropriate discipline for the seven counts of misconduct, the referee concluded that the five-month suspension requested by the OLR was appropriate. The referee said that Attorney Kovac's conduct showed either a disregard for, or an inability to comply with, his obligations to his clients. The referee said Attorney Kovac was "astonishingly cavalier" about his

12

obligations to cooperate with the OLR; he was dilatory in pursing post-conviction relief on behalf of M.M. and E.B.; and he did not cooperate with successor counsel in the R.M. case.

¶45 The referee noted that this is Attorney Kovac's fourth disciplinary matter; all have come in the last ten years; and the prior matters involved allegations of inattention, neglect, and failure to cooperate with the OLR.

¶46 The referee said Attorney Kovac concedes that he has a problem with organization and procrastination but believes that he should not be sanctioned but rather should be helped. Attorney Kovac says someone should be "provided" to help him out. The referee said:

> I have no doubt that there are many brilliant and capable attorneys who need someone to keep them on track. But it is not the obligation of this Court, OLR or the public to provide that assistance. If Attorney Kovac needed help with organization, it was his obligation to get it.

¶47 The referee also noted that Attorney Kovac pointed to various health issues, most notably a serious problem with diabetes that has significantly improved. The referee said again that an attorney whose health is impaired has an obligation to seek whatever assistance is required or to limit his or her activities so as to protect the public.

¶48 In recommending a five-month suspension, the referee said he was mindful that Attorney Kovac will not need a reinstatement hearing to regain his license and this will give him a chance to return to practice without undue delay while still retaining a measure of progressive discipline.

¶49 Attorney Kovac has appealed. Although his brief does not identify any specific issues, he asserts that a five-month suspension is an unduly harsh sanction. He points out that he has never been accused of misappropriating funds, dishonesty, trust account violations, or criminal or immoral conduct. He says most of the complaints against him have been for being dilatory in post-conviction matters and not timely cooperating with the OLR. He argues that while his clients may have had their appeals delayed, their appellate rights "were eventually honored."

¶50 Attorney Kovac says that his multiple health issues contributed to his dilatory conduct. He says he has now made substantial changes in his lifestyle and has overcome many of his health problems. He says he does not dispute that he has rightfully been found to have violated Supreme Court Rules, nor does he claim the rules he did violate are inconsequential. He says he recognizes that he has a serious procrastination problem, and he hopes that this court will require that, in order for him to keep his law license, he be required to have the assistance of a lawyer monitor to ensure that he keeps current on all time deadlines for his legal work.

¶51 Attorney Kovac says the OLR uncompromisingly takes the position that sanctions must be increased with each new complaint it files against a lawyer. He says that rationale should not apply in cases such as this one where the alleged misconduct occurred before the previous sanction was imposed because in such situations the lawyer will not have had the necessary prior notice. He says in this case the misconduct involving clients occurred before his

14

90-day suspension was imposed in 2016.  He does say, "this argument is admittedly weakened by the fact that some of the dilatory conduct during the investigation by the Office of Lawyer Regulation did occur after the effective date of the previous sanction." Attorney Kovac does not suggest the sanction he believes would be appropriate.

¶52  The OLR asserts that the referee's recommended five-month suspension is the appropriate sanction for Attorney Kovac's seven counts of misconduct.  It notes that Attorney Kovac does not dispute that he committed the misconduct alleged in the OLR's complaint.  The OLR says alleged health concerns do not mitigate the misconduct or weigh in favor of a lesser sanction.  The OLR points out that, as the referee observed, despite claiming that his health concerns had resolved, Attorney Kovac continued his pattern of dilatory behavior in his defense of this disciplinary proceeding and that continued conduct undermined any argument that improved health had put him on the straight and narrow path.

¶53  The OLR goes on to say that there is no evidence that Attorney Kovac's purposed health concerns caused any of the misconduct.  It notes the only evidence regarding health concerns comes from Attorney Kovac's own self-serving discussion of his alleged condition.  It notes this court has expressly held that a party's own say-so is not enough to support mitigation of the sanction in attorney disciplinary cases.  See In re Disciplinary Proceedings Against Alfredson, 2019 WI 17, ¶32, 385 Wis. 2d 565, 923 N.W.2d 869.  The OLR says since Attorney Kovac presented no reliable independent evidence to support a causal link between his

15

health concerns and his misconduct, his alleged medical condition would not mitigate the sanction in this case even if his recent conduct showed improved diligence and cooperation, which it does not.

¶54 The OLR says the referee properly invoked this court's longstanding practice of progressive discipline when recommending a five-month suspension. The OLR notes that the referee acknowledged Attorney Kovac's argument that his misconduct in this case pre-dated the 2016 suspension, but the referee correctly observed that Attorney Kovac's argument would have more force were it not for the ongoing failure to cooperate with the OLR and his lack of diligence in this case.

¶55 The OLR says the misconduct at issue here is serious and extensive. It says because prior public reprimands and a shorter license suspension have failed to impress upon Attorney Kovac the seriousness of his misconduct, a longer suspension is necessary to protect the public, the courts, and the legal system from his continued repetition of that misconduct.

¶56 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686. Upon careful review of the matter, we adopt the referee's findings of fact and agree with the referee's

16

conclusions of law that Attorney Kovac violated the Supreme Court Rules referenced above.

¶57 We also agree with the referee that a five-month suspension of Attorney Kovac's license to practice law in Wisconsin is an appropriate sanction for his misconduct. Even though the neglect of the various client matters occurred prior to Attorney Kovac's 90-day suspension in 2016, as the referee and the OLR both note, Attorney Kovac continued to display a lack of diligence and lack of cooperation while the OLR was attempting to investigate the various grievances that had been filed against him. In imposing the 90-day suspension in 2016, we stated:

> We share the referee's concern that, in spite of receiving two prior public reprimands for, among other things, failing to diligently represent and communicate with criminal clients and failing to cooperate with the OLR's investigation into pending grievances, Attorney Kovac has continued to engage in the same type of behavior that led to the public reprimands.

In re Disciplinary Proceedings Against Kovac, 370 Wis. 2d 388, ¶22. Just as the two public reprimands failed to change Attorney Kovac's habit of procrastination and dilatory practices, the 90-day suspension also apparently failed to have its intended effect. We agree with the referee that a more severe sanction is warranted this time around.

¶58 Although no two disciplinary proceedings are precisely the same, we find that this fact situation is somewhat analogous to In re Disciplinary Proceedings Against Berlin, 2008 WI 4, 306 Wis. 2d 288, 743 N.W.2d 683. In that case the attorney was suspended for six months for eight counts of misconduct relating

17

to two client matters. The misconduct included failure to cooperate with the OLR, failure to act with reasonable diligence, failure to adequately communicate with a client, and making misrepresentations to the OLR. In addition, Attorney Berlin made misrepresentations to a probate court. Attorney Berlin had a prior public reprimand. In this case, Attorney Kovac's misconduct did not include dishonesty. Thus, a slightly lesser sanction than that imposed on Attorney Berlin is appropriate.

¶59 Finally, we agree with the referee that Attorney Kovac should pay the full costs of this proceeding.

¶60 IT IS ORDERED that the license of Peter J. Kovac to practice law in Wisconsin is suspended for a period of five months, effective July 8, 2020.

¶61 IT IS FURTHER ORDERED that within 60 days of the date of this order, Peter J. Kovac shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $7,401.87 as of December 11, 2019.

¶62 IT IS FURTHER ORDERED that Peter J. Kovac shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶63 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

18

¶64 REBECCA FRANK DALLET, J. *(dissenting)*. While I recognize that this court normally adheres to the concept of progressive discipline, based upon the nature and timing of the misconduct in this case, I would depart from that practice here and impose a 90-day suspension.

¶65 Accordingly, I respectfully dissent.