# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP380-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Alan R. Stewart, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Alan R. Stewart, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STEWART

| | |
|---|---|
| OPINION FILED: | April 26, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| |
|---|
| SOURCE OF APPEAL: |
|    COURT: |
|    COUNTY: |
|    JUDGE: |

| |
|---|
| JUSTICES: |
|    CONCURRED: |
|    DISSENTED: |
|    NOT PARTICIPATING: |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP380-D

STATE OF WISCONSIN                    :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Alan R. Stewart, Attorney at Law:**

**Office of Lawyer Regulation,**

     **Complainant,**

    **v.**

**Alan R. Stewart,**

     **Respondent.**

**FILED**

**APR 26, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney's   license suspended.*

¶1   PER CURIAM.   We review the report and recommendation of Referee William Eich approving a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Alan R. Stewart. Attorney Stewart stipulated to the facts underlying the 11 counts of misconduct alleged in the OLR's complaint and joined the OLR in jointly recommending a nine-month suspension of Attorney Stewart's license to practice law in Wisconsin.   The referee agreed that a nine-month suspension was appropriate.

¶2 Upon careful review of this matter, we uphold the referee's findings of fact and conclusions of law and agree that a nine-month suspension is an appropriate sanction for Attorney Stewart's misconduct. We also find it appropriate to impose the full costs of this proceeding, which are $645.46 as of February 13, 2017, on Attorney Stewart. We further agree that Attorney Stewart should reimburse the Wisconsin Lawyers' Fund for Client Protection (the Fund) in the amount of $4,400 for funds it paid to one client, and he should be required to pay restitution to F.W. in the amount of $8,000.

¶3 Attorney Stewart was admitted to practice law in Wisconsin in 1992. His current address is in Appleton, Wisconsin. His law license has been suspended since February 2015 for failure to cooperate in two OLR investigations. His Wisconsin license is also suspended for failure to comply with continuing legal education requirements, failure to pay State Bar dues, and failure to file required trust account certifications. On March 19, 2001, Attorney Stewart was initially registered as a patent attorney with the United States Patent and Trademark Office (USPTO). Attorney Stewart is not currently registered as a patent attorney with the USPTO. As of July 16, 2015, he is registered only as a patent agent with the USPTO.

¶4 On February 24, 2016, the OLR filed a complaint against Attorney Stewart alleging 11 counts of misconduct. The first six counts arose out of his representation of A.H. and C.H. (the Hs). The Hs contacted Attorney Stewart in November

2

2013 to discuss the possibility of hiring him to represent them in connection with patenting an invention. In early January of 2014, the Hs hired Attorney Stewart to draft and file a non-provisional patent application. They paid Attorney Stewart a $4,400 advanced fee to represent them in the matter.

¶5 Attorney Stewart never drafted the non-provisional patent application, and he failed to perform any meaningful work in the matter. Attorney Stewart failed to respond to several telephone calls and emails from the Hs requesting information, and he did not keep the Hs reasonably informed about the status of their matter. Attorney Stewart did not refund to the Hs the $4,400 advanced fee in spite of their multiple requests for a refund. Attorney Stewart has not returned the Hs' product sample and papers even after they requested that he do so. The Hs filed an application for reimbursement in the amount of $4,400 with the Fund, and in December 2014, the Fund approved payment to the Hs in that amount.

¶6 The Hs filed a grievance against Attorney Stewart in May 2014. The OLR provided Attorney Stewart with written notice of its formal investigation of the grievance and of his duty to cooperate with the investigation of the grievance in September 2014. Attorney Stewart was informed that his written response to the grievance was to be submitted on or before October 6, 2014. Attorney Stewart did not respond. He also failed to respond to a follow-up letter sent on October 13, 2014 that was sent by both certified and first class mail, nor did he respond to a November 19, 2014 letter that was personally served upon

3

him. In December 2014, the OLR filed with this court a notice of motion and motion requesting an order to show cause as to why Attorney Stewart's license should not be suspended for failing to cooperate in two OLR investigations. This court issued an order requiring Attorney Stewart to show cause in writing why the OLR's motion should not be granted and his license to practice law in Wisconsin should not be temporarily suspended. Attorney Stewart failed to respond to this court's order. On February 10, 2015, this court granted the OLR's motion and temporarily suspended Attorney Stewart's Wisconsin law license. His license remains temporarily suspended.

¶7 The OLR's complaint alleged the following counts of misconduct with respect to his representation of the Hs:

**Count One:** By failing to complete and file the non-provisional patent application, and by otherwise failing to act in furtherance of the Hs' interests, Attorney Stewart violated SCR 20:1.3.[1]

**Count Two:** By failing to keep the Hs reasonably informed regarding the status of the matter, and by failing to respond to the Hs' several telephone calls and emails requesting information, Attorney Stewart violated SCR 20:1.4(a)(3) and (4).[2]

---

[1] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a) provides a lawyer shall: "(3) keep the client reasonably informed about the status of the matter." And (4) promptly comply with reasonable requests by the client for information . . . ."

**Count Three:**  Having received a $4,400 advanced fee from the Hs to complete and file the non-provisional patent application, and thereafter by failing to do so, Attorney Stewart violated SCR 20:1.5(a).[3]

**Count Four:**  Having received an advanced fee payment in contemplation of completing and filing the non-provisional patent application, and thereafter failing to do so, rendering the advanced fee unearned, by failing to refund the advanced fee and return the product sample and papers to the Hs, Attorney Stewart violated SCR 20:1.16(d).[4]

**Count Five:**  By misrepresenting to the Hs that he had completed the non-provisional patent application and sent it to them via email for their review, Attorney Stewart violated SCR 20:8.4(c).[5]

**Count Six:** By failing to provide the OLR with a written response to the Hs' grievance, Attorney Stewart violated SCR 22.03(2)[6] and (6),[7] enforced by SCR 20:8.4(h).[8]

---

[3] SCR 20:1.5(a) provides:  "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

[4] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.  The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:8.4(c) provides:  "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 22.03(2) provides:

(continued)

5

¶8 The remaining counts of misconduct alleged in the OLR's complaint arose out of Attorney Stewart's representation of F.W., who hired Attorney Stewart in May of 2014 to draft and file a non-provisional patent application for her mechanical invention and to represent her in the intellectual property matter. Attorney Stewart and F.W. had a written fee agreement which required F.W. to pay Attorney Stewart an $8,000 advanced fee, to be paid in two installments. F.W. made the first advanced fee payment in the amount of $4,000 on or about May 1,

---

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[8] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to: . . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

6

2014, and she made the second fee advanced fee payment in the amount of $4,000 on or about June 24, 2014.

¶9 Attorney Stewart never drafted the non-provisional patent application and failed to perform any meaningful work in F.W.'s intellectual property matter. Attorney Stewart failed to respond to F.W.'s telephone calls and emails requesting information, and he did not otherwise keep F.W. informed about the status of her matter. Attorney Stewart did not refund to F.W. the $8,000 advanced fee, and he failed to respond to her request for a refund.

¶10 F.W. filed a grievance with the OLR in August 2014. The OLR provided Attorney Stewart with written notice of its formal investigation of the F.W. matter and his duty to cooperate with the investigation on September 11, 2014. Attorney Stewart failed to respond to the OLR's request for a written response. He also failed to respond to an October 13, 2014 follow-up letter sent by both certified and first class mail, nor did he respond to a letter that was personally served on him on November 19, 2014. The OLR subsequently filed a notice of motion and motion requesting an order to show cause as to why Attorney Stewart's license should not be suspended for failing to cooperate in the F.W. and the Hs investigations. As noted above, on February 10, 2015, this court issued an order granting the OLR's motion and temporarily suspending Attorney Stewart's law license.

¶11 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Stewart's representation of F.W.:

**Count Seven:** By failing to draft and file the non-provisional patent application, and by otherwise failing to act in furtherance of F.W.'s interests, Attorney Stewart violated SCR 20:1.3.

**Count Eight:** By failing to keep F.W. reasonably informed regarding the status of the matter, and by failing to respond to F.W.'s several telephone calls and emails requesting information, Attorney Stewart violated SCR 20:1.4(a)(3) and (4).

**Count Nine:** Having received an $8,000 advanced fee from F.W. to draft and file the non-provisional patent application, and thereafter by failing to do so, Attorney Stewart violated SCR 20:1.5(a).

**Count Ten:** Having received an advanced fee payment in contemplation of drafting and filing the non-provisional patent application, and thereafter failing to do so, rendering the advanced fee unearned, by failing to refund the advanced fee, Attorney Stewart violated SCR 20:1.16(d).

**Count Eleven:** By failing to provide the OLR with a written response to F.W.'s grievance, Attorney Stewart violated SCR 22.03(2) and (6), enforced by SCR 20:8.4(h).

¶12 On January 27, 2017, the OLR and Attorney Stewart entered into a stipulation whereby Attorney Stewart admitted the facts and all counts of misconduct alleged in the OLR complaint and agreed to the level of discipline sought by the OLR director, namely a nine-month suspension of his license to practice law in Wisconsin. Attorney Stewart represented that he fully understands the misconduct allegations, fully understands the ramifications should this court impose the stipulated level

of discipline, fully understands his right to contest the matter, fully understands his right to consult with and obtain counsel, and states that his entry into the stipulation is made knowingly and voluntarily.

¶13 The referee issued his report and recommendation on January 25, 2017. Based upon the parties' stipulation, the referee found that the OLR met its burden of proof with respect to all 11 counts of misconduct alleged in the complaint. The referee concluded that the stipulated period of suspension of Attorney Stewart's law license was reasonable and appropriate. The referee also recommended, consistent with the stipulation, that Attorney Stewart be ordered to reimburse the Fund in the amount of $4,400 for the funds it paid to the Hs and that he be required to pay restitution to F.W. in the amount of $8,000. The referee further recommends that Attorney Stewart pay the full costs of the proceeding.

¶14 This court will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶15 We adopt the referee's findings of fact and conclusions of law that Attorney Stewart violated the supreme court rules as alleged in the 11 counts set forth above. We

9

further agree with the referee that a nine-month suspension of Attorney Stewart's license to practice law in Wisconsin is an appropriate level of discipline. Since no two cases are precisely the same, there is no standard sanction for any particular misconduct. We note that in In re Disciplinary Proceedings Against Smelzer, 2015 WI 97, 365 Wis. 2d 109, 870 N.W.2d 830, an attorney's license was suspended for nine months for seven counts of misconduct, including failing to respond to a client's request for information; failing to keep a client reasonably informed about the status of a matter; and failing to cooperate with an OLR investigation. We find the misconduct at issue here to be somewhat analogous to the misconduct in Smelzer, and we find a similar suspension to be appropriate. We agree with the referee that Attorney Stewart should be required to reimburse the Fund and pay restitution to F.W., and we deem it appropriate, as is our usual custom, to impose the full costs of this disciplinary proceeding on Attorney Stewart.

¶16 IT IS ORDERED that the license of Alan R. Stewart to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

¶17 IT IS FURTHER ORDERED that within 60 days of the date of this order, Alan R. Stewart shall reimburse the Wisconsin Lawyers' Fund for Client Protection in the amount of $4,400 and shall pay restitution to F.W. in the amount of $8,000.

¶18 IT IS FURTHER ORDERED that within 60 days of the date of this order Alan R. Stewart shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶19 IT IS FURTHER ORDERED that reimbursement to the Wisconsin Lawyers' Fund for Client Protection and restitution to F.W. shall be paid before the payment of costs to the Office of Lawyer Regulation.

¶20 IT IS FURTHER ORDERED that, to the extent that he has not already done so, Alan R. Stewart shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶21 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).[9]

¶22 IT IS FURTHER ORDERED that the temporary suspension of Attorney Stewart's license to practice law in Wisconsin, which was imposed on February 10, 2015 due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is lifted.

---

[9] In addition to obtaining reinstatement from the disciplinary suspension imposed by this order, before he is able to practice law in Wisconsin, Attorney Stewart will also be required to complete the procedures for reinstatement from the administrative suspensions currently in effect for failure to comply with the mandatory CLE reporting requirements, for failure to pay applicable bar dues and assessments, and for failure to file a trust account certificate.