# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1168-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Alan R. Stewart, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Alan R. Stewart,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STEWART

| | |
|---|---|
| OPINION FILED: | December 21, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2017 WI 106**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP1168-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Alan R. Stewart, Attorney at Law:

Office of Lawyer Regulation,

       Complainant,

   v.

Alan R. Stewart,

       Respondent.

**FILED**

**DEC 21, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee John B. Murphy's recommendation that Attorney Alan R. Stewart be declared in default and that his license to practice law in Wisconsin be suspended for 60 days for professional misconduct. The referee also recommended that Attorney Stewart pay the full costs of the proceeding, which are $805.85 as of October 11, 2017.

¶2 We declare Attorney Stewart to be in default. We agree with the referee that Attorney Stewart's professional

misconduct warrants a 60-day suspension of his license to practice law in Wisconsin. We also agree that Attorney Stewart should pay the full costs of this proceeding.

¶3 Attorney Stewart was admitted to practice law in Wisconsin in 1992. He was registered as a patent attorney with the United States Patent and Trademark Office (USPTO) on March 19, 2001.[1] He practices in Appleton.

¶4 This court recently imposed a nine-month disciplinary suspension on Attorney Stewart for two counts of failing to complete and file a patent application or act in furtherance of his client's interests in violation of SCR 20:1.3; two counts of failing to keep his client reasonably informed of the status of the matter and respond to his client's telephone calls and emails in violation of SCR 20:1.4(a)(3) and (4); two counts of receiving an advance fee from his client and failing to complete and file the patent application in violation of SCR 20:1.5(a); two counts of failing to refund any unearned advance fee in violation of SCR 20:1.16(d); one count of misrepresenting to his client that he completed the patent application in violation of SCR 20:8.4(c); and two counts of failing to provide the Office of Lawyer Regulation (OLR) with a written response to the grievance in violation of SCR 22.03(2) and (6), enforced via

---

[1] Attorney Stewart is not currently registered as a patent attorney with the USPTO. As of July 16, 2015, he is registered only as a patent agent.

SCR 20:8.4(h). See In re Disciplinary Proceedings Against Stewart, 2017 WI 41, 374 Wis. 2d 642, 893 N.W.2d 572.

¶5 In addition, Attorney Stewart's license to practice law in Wisconsin is also administratively suspended due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements.

¶6 On June 16, 2017, the OLR filed this complaint against Attorney Stewart alleging three counts of misconduct pertaining to his continuing to practice law before the USPTO. Specifically, as the complaint alleged, USPTO regulations require that trademark matters be handled by a registered attorney, defined as "an individual who is a member in good standing in the highest court of any state." Attorney Stewart has been administratively suspended from the practice of law in Kentucky and Minnesota since at least 2013, for non-payment of bar dues.

¶7 On February 10, 2015, this court temporarily suspended Attorney Stewart's license to practice law due to his failure to cooperate in two separate OLR investigations. The OLR sent Attorney Stewart notice of that temporary license suspension. Attorney Stewart filed documents or otherwise took action in five different trademark matters on March 16, 2015, April 27, 2015, May 18, 2015, and June 6, 2015. On October 2, 2015, the Office of Enrollment and Discipline (OED) filed a complaint with the USPTO against Attorney Stewart relating to his continuing

3

practice before the USPTO despite not being a member in good standing in any state bar.

¶8   Attorney Stewart did not respond the OED complaint and was eventually deemed to be in default; the USPTO issued an Initial Decision and Order on Default Judgment on December 16, 2015, finding, *inter alia*, that Attorney Stewart "violated 37 C.F.R. §11.505 by continuing to practice trademark law before the USPTO despite not being a member in good standing in any state bar."   The USPTO excluded him from practice before the USPTO.

¶9   On February 10, 2016, the OED advised the OLR of this matter.   On February 25, 2016, the OLR provided Attorney Stewart with written notice of its formal investigation, requesting a response from Attorney Stewart.   Despite repeated requests, Attorney Stewart has failed to respond to the OLR's inquiry.

¶10  Accordingly, the OLR's complaint alleged:

**Count One**: By continuing to practice trademark law before the USPTO despite not being a member in good standing in any state bar, Attorney Stewart violated SCR 20:5.5(a)(1).[2]

---

[2] SCR 20:5.5(a)(1) provides:

A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction except that a lawyer admitted to practice in Wisconsin does not violate this rule by conduct in another jurisdiction that is permitted in Wisconsin under SCR 20:5.5(c) and (d) for lawyers not admitted in Wisconsin.

**Count Two:** By representing himself to the USPTO as an attorney of record in Wisconsin in four separate trademark applications, despite knowing that he was suspended from the practice of law, Attorney Stewart violated SCR 20:8.4(c).[3]

**Count Three:** By willfully failing to provide the OLR with a written response to the OLR's investigation, Attorney Stewart violated SCR 22.03(2)[4] and 22.03(6),[5] enforced via SCR 20:8.4(h).[6]

---

[3] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶11 The referee was appointed on August 11, 2017. After Attorney Stewart failed to file an answer to the complaint, the OLR filed a notice of motion and motion for default judgment. The referee conducted a scheduling conference by telephone at which Attorney Stewart appeared pro se and admitted he had not filed an answer and stated he had no objection to the OLR's motion for a default judgment. With the referee's permission, Attorney Stewart filed a brief addressing the issue of sanctions, asking that any suspension be imposed concurrent with his present disciplinary suspension.

¶12 The OLR filed a response in which it agreed that Attorney Stewart's suspension should be imposed concurrent with his present disciplinary suspension, which is scheduled to expire on January 26, 2018.

¶13 The referee issued his report and recommendation on September 22, 2017. The referee did not rule on the OLR's default motion, per se, but his report explains that Attorney Stewart stated both during the scheduling conference and, in writing, in his ensuing brief on sanctions, that he did not oppose the motion. As such, it is clear from the record that Attorney Stewart received adequate notice of the default motion. The facts of record provide a reasonable basis for the referee's implicit finding that Attorney Stewart should be deemed to have defaulted.

¶14 The referee found that based on the facts alleged in the complaint, Attorney Stewart's failure to answer the complaint, his statements at the scheduling conference and in

6

his brief, that the OLR has met its burden of proof with respect to proving all three counts of misconduct alleged in the complaint. With respect to the appropriate level of discipline, the referee observed that continued practice of law after a suspension is a major violation of the supreme court rules but acknowledged that Attorney Stewart's explanation provides support for some leniency. Accordingly, the referee recommended that Attorney Stewart's license to practice law in Wisconsin be suspended for 60 days and agreed that it was appropriate to impose that suspension concurrent with his current suspension. The referee further recommended that Attorney Stewart be ordered to pay the entire cost of the disciplinary proceeding.

¶15 Attorney Stewart did not appeal the referee's decision so we consider this matter pursuant to SCR 22.17(2).[7]

¶16 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against

---

[7] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

7

*Widule*, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686. We adopt the referee's findings of fact and agree with the referee's conclusions of law that Attorney Stewart violated the supreme court rules referenced above.

¶17 Although Attorney Stewart was given the opportunity to file an answer and present a defense to the OLR's complaint, he failed to do so and advised the referee that he had no objection to being deemed in default. Accordingly, we declare him to be in default.

¶18 We agree with the referee that a 60-day suspension of Attorney Stewart's license to practice law in Wisconsin, imposed concurrent with his present suspension, is an appropriate sanction for his misconduct. Neither the parties nor the referee cited case law in support of the recommended discipline. However, we find the matter of In re Disciplinary Proceedings Against Osicka, 2014 WI 34, 353 Wis. 2d 675, 847 N.W.2d 333 instructive in two respects. First, a concurrent suspension is appropriate. All of the alleged misconduct in this matter occurred between March and October 2015. The underlying disciplinary proceeding giving rise to the nine-month suspension was filed in February 2016 and pertained to misconduct dating from 2013 and 2014. As such, it appears that all of the misconduct could have been addressed in a single proceeding, which would have resulted in a single sanction. It thus appears that a consecutive suspension would not be a fair or proper result in these circumstances. See, e.g., Osicka, 2014 WI 34, ¶24 (imposing license suspension concurrent with prior

suspension where "we see no reason why the allegations in this complaint could not have been included in the [prior complaint] either originally or by amending the complaint in that proceeding.")

¶19 Second, although all disciplinary matters are unique, we imposed a 60-day suspension on Attorney Osicka for continuing to practice law while his license was administratively suspended and for failing to cooperate with the ensuing OLR investigation. Id. We conclude that a 60-day suspension of Attorney Stewart's license is appropriate to protect the public, the courts, and the legal system from repetition of Attorney Stewart's misconduct. It will impress upon the attorney the seriousness of his misconduct and will deter other attorneys from committing similar misconduct. The OLR does not seek restitution and no restitution is ordered. Finally, we agree with the referee that Attorney Stewart should bear the full costs of this proceeding.

¶20 IT IS ORDERED that the license of Alan R. Stewart to practice law in Wisconsin is suspended for a period of 60 days, effective November 26, 2017, to run concurrent with the license suspension imposed in In re Disciplinary Proceedings Against Stewart, 2017 WI 41, 374 Wis. 2d 642, 893 N.W.2d 572.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Alan R. Stewart shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $805.85.

¶22 IT IS FURTHER ORDERED that, to the extent he has not already done so, Alan R. Stewart shall comply with the

9

provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶23 IT IS FURTHER ORDERED that the administrative suspension of Alan R. Stewart's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).