# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2018AP1872-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Peter J. Kovac, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>      Complainant, <br>   v. <br> Peter J. Kovac, <br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KOVAC

| | |
|---|---|
| OPINION FILED: | June 23, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP1872-D

STATE OF WISCONSIN      :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Peter J. Kovac, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Peter J. Kovac,**

      **Respondent.**

**FILED**

**JUN 23, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee Kim M. Peterson's recommendation that Attorney Peter J. Kovac's license to practice law in Wisconsin be suspended for six months for four counts of professional misconduct. The referee also recommended that Attorney Kovac pay the full costs of this proceeding, which are $4,403.92 as of December 10, 2019.

¶2 Upon careful review of the matter, we conclude that the referee's findings of fact are supported by clear, satisfactory,

and convincing evidence. We agree with the referee's conclusions of law that Attorney Kovac engaged in professional misconduct. We conclude, however, that the appropriate sanction for Attorney Kovac's misconduct is a five-month suspension of his license to practice law in Wisconsin. As the misconduct at issue in this case occurred during approximately the same time period as misconduct that recently resulted in a five-month license suspension, we find it appropriate to make the five-month suspension imposed in this case concurrent with the five-month suspension in the previous case. We also agree with the referee that Attorney Kovac should bear the full costs of this proceeding. The Office of Lawyer Regulation (OLR) did not request restitution, and we impose none.

¶3 Attorney Kovac was admitted to practice law in Wisconsin in 1973 and practiced in Milwaukee. This is his fifth disciplinary proceeding. In 2008, he agreed to a consensual public reprimand for failure to competently represent a criminal appellate client; failure to diligently represent three criminal clients; failure to communicate with clients; failure to communicate with clients about the status of their appeals; continuing to represent a client after a conflict of interest arose; and failure to cooperate with the OLR concerning three of the investigations. Public Reprimand of Peter J. Kovac, No. 2008-05 (electronic copy available at https://compendium.wicourts.gov/app/raw/002031.html).

¶4 In 2012, Attorney Kovac received a public reprimand for failure to timely respond to a notice of formal investigation from

the OLR. See In re Disciplinary Proceedings Against Kovac, 2012 WI 117, 344 Wis. 2d 522, 823 N.W.2d 371.

¶5 In 2016, Attorney Kovac's license to practice law was suspended for 90 days for failing to have a written fee agreement; failing upon termination of representation to promptly turn over a client file to successor counsel; failure to file a notice of intent to pursue post-conviction relief; failure to respond to multiple orders from the court of appeals; and failing to provide a timely initial response to a grievance and failing to timely respond to the OLR's request for a supplemental response to the grievance. See In re Disciplinary Proceedings Against Kovac, 2016 WI 62, 370 Wis. 2d 388, 881 N.W.2d 44.

¶6 On May 27, 2020, Attorney Kovac's law license was suspended for five months, effective July 8, 2020, for failure to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation; failure to provide the OLR with timely responses to grievances; failure to pursue post-conviction relief after filing a notice of intent to do so; and failure to act with reasonable diligence and promptness when representing a client. See In re Disciplinary Proceedings Against Kovac, 2020 WI 47, ___ Wis. 2d ___, ___ N.W.2d ___.

¶7 On October 1, 2018, the OLR filed a complaint against Attorney Kovac alleging five counts of misconduct with respect to two clients. Attorney Kovac did not file a timely answer to the complaint. The OLR moved for default judgment. Just prior to a telephonic scheduling conference, Attorney Kovac filed a belated answer to the complaint. Based upon that filing, the referee set

3

a new hearing date of April 12, 2019 for the OLR's default judgment motion. The parties appeared for that hearing, and the referee denied the OLR's motion.

¶8 On May 31, 2019, the parties entered into a stipulation whereby the OLR dismissed Count 1 of its complaint and Attorney Kovac pled no contest to the other four counts.

¶9 A sanctions hearing was scheduled for July 17, 2019. Attorney Kovac requested a continuance, and the matter was rescheduled to August 15, 2019. Attorney Kovac was the only witness at the hearing. At the close of the hearing, the parties agreed upon a briefing schedule, which required Attorney Kovac to file his brief on September 23, 2019. He failed to do so. On October 22, 2019, he asked the referee for an additional week to file his brief. The referee filed her report and recommendation on November 21, 2019, having never received a brief from Attorney Kovac. The referee agreed with the OLR's recommendation for a six-month suspension of Attorney Kovac's license.

¶10 The first client matter detailed in the OLR's complaint involved Attorney Kovac's representation of L.H. In May of 2015, L.H. retained Attorney Kovac for post-conviction representation in a criminal matter in Milwaukee County. Attorney Kovac was to file a motion for a mistrial and to represent L.H. at the sentencing hearing. Attorney Kovac did not memorialize the terms, scope, and fees of the representation in a written fee agreement.

¶11 L.H. paid an advanced fee to Attorney Kovac in excess of $1,000. Attorney Kovac did not communicate the purpose and effect of the advanced fee in writing to L.H.

4

¶12 On July 8, 2015, Attorney Kovac filed a motion for a mistrial. Following a hearing, the motion was denied. On August 13, 2015, Attorney Kovac represented L.H. at the sentencing hearing, which resulted in a term of incarceration.

¶13 On September 1, 2015, Attorney Kovac filed a notice of intent to pursue post-conviction relief. Thereafter, the State Public Defender's Office appointed Attorney Urszula Tempska to represent L.H.

¶14 On October 27, 2015, the circuit court sent Attorney Tempska a copy of the court's file, which contained no discovery materials from the underlying case. Attorney Tempska attempted to obtain the discovery from Attorney Kovac, but was unsuccessful.

¶15 On December 27, 2016, Attorney Tempska filed a motion to extend the time limits to file L.H.'s post-conviction pleadings. This action was necessitated because despite repeated requests, Attorney Kovac failed to produce L.H.'s file containing the discovery.

¶16 On April 5, 2016, L.H. filed a grievance with the OLR against Attorney Kovac. The OLR requested a response to the grievance. Attorney Kovac did not respond. On September 14, 2016, the OLR filed a motion requesting Attorney Kovac show cause why his license should not be temporarily suspended for failing to cooperate in the OLR's investigation. This court ordered Attorney Kovac to show cause. He failed to respond. On November 14, 2016, this court temporarily suspended Attorney Kovac's license. Weeks later, Attorney Kovac filed a response to the grievance, and the temporary suspension was lifted on December 16, 2016.

¶17  On February 24, 2017, the OLR requested supplemental information from Attorney Kovac in the L.H. grievance matter. Attorney Kovac failed to respond.  On June 6, 2017, Attorney Kovac was personally served with the OLR's February 24, 2017 correspondence requesting supplemental information.  Attorney Kovac still failed to respond.

¶18  On September 6, 2017, the OLR filed a second motion requesting Attorney Kovac to show cause why his license should not be temporarily suspended for failure to cooperate in the L.H. investigation and a second investigation.  This court ordered Attorney Kovac to show cause.  Attorney Kovac requested additional time to respond, and this court granted him an extension.

¶19  On October 13, 2017, Attorney Kovac filed a response to the order to show cause, indicating he would provide the OLR with a response.  When the OLR received Attorney Kovac's email response on October 23, 2017, it was encrypted and incapable of being opened.  Attorney Kovac agreed to re-send the response.  In reliance on that representation, the OLR asked this court to hold the temporary suspension matter in abeyance.

¶20  On November 1, 2017, the OLR filed a status report with this court indicating Attorney Kovac had failed to re-send any response, and had not otherwise contacted the OLR.  Pursuant to the OLR's renewed request, on December 12, 2017, this court temporarily suspended Attorney Kovac's license for a second time. On December 19, 2017, Attorney Kovac provided the OLR with his response.  The OLR informed this court that it had received the

6

response, and Attorney Kovac's temporary suspension was vacated that same day.

¶21 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's representation of L.H.:

**Count 2:** By failing to respond to successor counsel's repeated requests to obtain L.H.'s file containing the discovery, Attorney Kovac violated SCR 20:1.16(d).[1]

**Count 3:** By failing to timely respond to L.H.'s grievance and willfully failing to respond to the OLR's request for additional information relating to L.H.'s

---

[1] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

7

grievance, Attorney Kovac violated SCR 22.03(2)[2] and SCR 22.03(6),[3] enforceable via SCR 20:8.4(h).[4]

¶22 The other client matter detailed in the OLR's complaint arose out of Attorney Kovac's representation of L.W., who retained Attorney Kovac in October 2014 to represent him in two criminal cases in Milwaukee County. The charges in one case were ultimately dismissed. Attorney Kovac represented L.W. through the sentencing hearing in the second case.

¶23 L.W. initiated post-conviction litigation pro se, and he requested his case file from Attorney Kovac. Attorney Kovac failed to provide L.W. with the case file.

---

[2] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[3] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶24  On July 21, 2016, L.W. filed a grievance with the OLR against Attorney Kovac.  On September 16 and October 26, 2016, the OLR requested a response to L.W.'s grievance, but Attorney Kovac failed to respond.  On December 9, 2016, the OLR received Attorney Kovac's written response, indicating that he intended to cooperate.  However, Attorney Kovac failed to further respond.

¶25  On February 23, 2017, the OLR sent written notification to Attorney Kovac concerning his ongoing failure to respond in the L.W. matter.  On June 6, 2017, the OLR had Attorney Kovac personally served with all three letters requesting information about the L.W. grievance.  Attorney Kovac failed to respond.

¶26  On September 6, 2017, the OLR filed a motion requesting Attorney Kovac show cause why his license should not be temporarily suspended for failure to cooperate in this investigation and the L.H. investigation.  As previously noted, this court temporarily suspended Attorney Kovac's license on December 12, 2017, and it reinstated his license on December 19, 2017 after he finally provided the OLR with his response in both matters.

¶27  The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kovac's representation of L.W.:

**Count 4:**  By failing to provided L.W. with his file after the termination of representation, Attorney Kovac violated SCR 20:1.16(d).

**Count 5:**  By failing to timely respond to L.W.'s grievance and willfully failing to respond to the OLR's request for information relating to L.W.'s grievance, Attorney Kovac violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

9

¶28 In her report, the referee found that the OLR had met its burden of proof with respect to the four counts of misconduct to which Attorney Kovac pled no contest. With respect to the appropriate level of discipline, the referee noted that since 2008 Attorney Kovac has had multiple disciplinary matters and the common theme running through all of them is that he has exhibited a pattern of procrastination, delay, and a willful failure to cooperate with the OLR.

¶29 The referee said failing to turn over client files and failing to cooperate with the OLR is serious misconduct. The referee said when an attorney fails to respond to a complaint, the OLR is required to expend time and resources to get the attorney to cooperate. The referee said Attorney Kovac argues that his misconduct is not particularly serious, and said he does not respond to the OLR's inquiries in a timely manner because he gives his clients priority. He also said that his failure to respond to clients' requests for their files is not particularly serious since most of the information in his files is in the public record already.

¶30 The referee said although it is true Attorney Kovac seems to give client matters priority, the choice between representing clients and responding to the OLR is a false one since an attorney should be able to do both. The referee said the fact that Attorney Kovac finds it difficult to do both is troubling. The referee also said even if it is true that Attorney Kovac's clients files only contain information that is in the public record, there is no way for the clients, or successor counsel, to know that to be true,

and Attorney Kovac's failure to provide the information in a timely manner causes successor counsel to have to seek the information by other means, which causes delay and harm to the client.

¶31  The referee said although Attorney Kovac does not appear to have a malicious desire to waste the OLR's time and resources or harm his clients, that is unfortunately the end result of his conduct.  The referee said if this type of conduct continues in the future, it is likely that more clients will be injured and the OLR will be forced to waste additional time and resources.

¶32  The referee said that despite prior public reprimands and short license suspensions, Attorney Kovac has been unwilling or unable to change his behavior.  She reasoned that a six-month suspension would impress upon him the seriousness of the misconduct and perhaps give him the time he needs to remedy the difficulties he has been having handling all of the requirements that attach to a law license in Wisconsin, including proper responses to the OLR and former client requests.

¶33  A referee's findings of fact are affirmed unless clearly erroneous.  Conclusions of law are reviewed de novo.  See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.  This court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.  We adopt the referee's findings of fact and agree with the referee's conclusions of law that Attorney Kovac violated the Supreme Court Rules referenced above.

¶34 As we noted in our recent opinion imposing a five-month suspension, Attorney Kovac's habit of procrastination and dilatory practices continue. The misconduct at issue in this matter is very similar to that at issue in the matter in which we recently imposed a five-month suspension. In addition, the misconduct in both cases occurred at approximately the same time. In the event the counts of misconduct at issue here had been part of the same OLR complaint that resulted in the five-month suspension, it is likely that the court would still have imposed a five-month suspension. See In re Disciplinary Proceedings Against Stewart, 2017 WI 106, 378 Wis. 2d 568, 905 N.W.2d 136. Accordingly, rather than the six-month suspension recommended by the referee, we find that five-month suspension, concurrent with the suspension imposed in the previous case, is the appropriate sanction for the misconduct at issue here.

¶35 Finally, we agree with the referee that Attorney Kovac should bear the full costs of this proceeding.

¶36 IT IS ORDERED that the license of Peter J. Kovac to practice law in Wisconsin is suspended for a period of five months, effective July 8, 2020, to run concurrent with the license suspension in In re Disciplinary Proceedings Against Kovac, 2020 WI 47, ___ Wis. 2d ___, ___ N.W.2d ___.

¶37 IT IS FURTHER ORDERED that within 60 days of the date of this order, Peter J. Kovac shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,403.92 as of December 10, 2019.

12

¶38  IT IS FURTHER ORDERED that, to the extent he has not already done so, Peter J. Kovac shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶39  IT IS FURTHER ORDERED that compliance with all conditions with this order is required for reinstatement.  See SCR 22.28(2).